G. W. JANES, PLAINTIFF IN ERROR, V. CITY OF TAMPA, DEFENDANT IN ERROR.

1. Where two causes combine to produce an injury, both in their nature proximate, the one being a defect in a city street and the other some accident for which neither party is responsible, such as the accident of a horse running away beyond control, the city is liable, provided the plaintiff was not at fault and the injury would not have been sustained but for the defect in the street.   There can be no recovery if the accident be caused by the unskillfulness or want of care of the plaintiff or his driver, or if it can be shown that the plaintiff by any want of care directly caused the accident.

2  An allegation that the city wrongfully and negligently permitted lumber, brick, stone and building materials to occupy more than was necessary, to wit:   More than one-half of one street and a large portion of another street at the intersection of the two streets, and to so remain after the city had notice thereof and during the night, without being enclosed with any fence and without any lighted lanterns or other sufficient protection or signals placed thereon or about the same to guard such lumber, brick, stone and building materials or to denote the presence thereof, and that plaintiff's team during the night time, becoming frightened by the whistle of a locomotive, became temporarily unmanageable by reason of such obstruction of the street, and came in contact with and struck upon and against such lumber, brick, stone and building materials, and by reason thereof plaintiff's horse was killed and another injured without fault or negligence on the part of the plaintiff, states a cause of action, since if the injury would not have been sustained but for the obstruction in the street caused by the negligence of the city, and there was no negligence or fault on the part of the plaintiff or his servant, the city is liable.

This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*W. F. Himes,* for Plaintiff in Error.

No appearance for Defendant in Error.

WHITFIELD, J.: The plaintiff in error brought an action in the Circuit Court for Hillsborough county to recover from the City of Tampa damages for one horse killed and one injured by contact with obstructions in the street of said city. A demurrer to the declaration was sustained and judgment entered for the defendant to which a writ of error was taken. The declaration alleges that the city "wrongfully and negligently suffered and permitted divers large quantities of lumber, brick, stone and other building materials to be placed and remain on Florida Avenue and Tyler Street in said city at about the intersection of said streets, and negligently and wrongfully suffered and permitted said lumber, brick, stone and building materials to extend across and occupy more of said streets than was necessary, to wit: more than one-half of Florida Avenue at said intersection and a large portion of Tyler Street at said intersection, and to remain and continue therein on, to wit: the 23rd day of August, 1905, and during the night time of said day; and that the defendant wrongfully and negligently permitted such lumber, brick, stone and building materials to so remain after the defendant had

notice thereof, in and across said streets during the night time of said day and after dark, without being enclosed with any fence and without any lighted lanterns or other sufficient protection or signals placed thereon or about the same to guard such lumber, brick, stone and building materials or to denote the presence thereof; that on the said date last mentioned a team of the plaintiff, a carriage and two horses, each of the value of $150.00, managed and driven by a servant of the plaintiff, during the night time of said day, becoming frightened by the whistle of a locomotive, became temporarily unmanageable, and then passing along on Florida Avenue, in consequence of the carelessness, negligence and improper conduct of the defendant and by reason of said lumber, brick, stone and building materials so allowed to be and remain in said streets, as aforesaid, came in contact with and struck upon and against the said lumber, brick, stone and building materials, and by reason thereof one of the horses was then and there instantly killed and the other horse seriously bruised, wounded and injured, without any fault or negligence on the part of the plaintiff." In another count of the declaration similar allegations are made and in addition thereto it is alleged that an ordinance of the said city required that when building material is placed in the street "the portion of the street or sidewalk so allowed to be used shall be enclosed with a sufficient fence and lighted lanterns shall be fixed to said fence and shall be kept burning from twilight through the whole of the night." Under a demurrer it was claimed that the proximate cause of the injury complained of is shown to have arisen from the plaintiff's horses becoming frightened; that it

is not shown that Florida Avenue at the place where the injury occurred was so defective that the same was dangerous to travel thereon in the ordinary manner; that it was not incumbent upon defendant to keep and maintain its street in such a condition as to be safe for unmanageable teams but only for ordinary and customary travel thereover; that it was not shown what officer of the city had notice of the defect complained of or that said defect had remained for such a length of time as the defendant would have been presumed to have noticed it. The order sustaining the demurrer is assigned as error.

The question presented is whether the city is liable for injuries sustained under the conditions stated in the declaration.

Where two causes combine to produce an injury, both in their nature proximate, the one being a defect in a city street and the other some accident for which neither party is responsible, such as the accident of a horse running away beyond control, the city is liable, provided the plaintiff was not at fault and the injury would not have been sustained but for the defect in the street. There can be no recovery if the accident be caused by the unskillfulness or want of care of the plaintiff or his driver, or if it can be shown that the plaintiff by any want of care directly caused the accident. See 2 Dillon's Municipal Corporations (4th Ed.) Section 1007; City of Tallahassee v. Fortune, 3 Fla. 19; 3 Abbott Mun. Corp., Sec. 1055 and authorities cited in notes; Ring v. City of Cohoes, 77 N. Y. 83; Hull v. City of Kansas, 54 Mo. 598; City of Atlanta v. Wilson, 59 Ga. 544, 27 Am. Rep. 396; Wilson v City of Atlanta, 60 Ga. 473; see also Baldwin v. Turnpike Co., 40 Conn. 238; Hunt v. Town of Pownall, 9 Vt. 411; Her

v. Philadelphia, 81 P. St. 44; City of Joliet v. Shufeldt, 144 Ills. 403; 36 Am. St. Rep. 453; Gilson v. Delaware, &c., 65 Vt. 213, 36 Am. St. Rep. 802 and notes on page 836; Campbell v. City of Stillwater, Minn., 20 N. W. Rep. 320; Sturgis v. Kauntz, Pa., 30 Atl. Rep. 976; Baldridge & Courtney Bridge Co. v. Cartrell, Tex., 13 S. W. Rep. 8; Hampson v. Taylor, 15 R. I. 83.

The allegation in the declaration that the city wrongfully and negligently permitted lumber, brick, stone and building materials to occupy more than was necessary, to wit: more than one-half of one street and a large portion of another street at the intersection of the two streets, and to so remain after the city had notice thereof and during he night, without being enclosed with any fence and without any lighted lanterns or other sufficient protection or signals placed thereon or about the same to guard such lumber, brick, stone and building materials or to denote the presence thereof, and that plaintiff's team during the night time becoming frightened by the whistle of a locomotive, became temporarily unmanageable, and by reason of such obstruction of the street, came in contact with and struck upon and against said lumber, brick, stone and building materials, and by reason thereof plaintiff's horse was killed and another injured without fault or negligence on the part of the plaintiff, states a cause of action, since if the injury would not have been sustained but for the obstruction in the street caused by the negligence of the city, and there was no negligence or fault on the part of the plaintiff or his servant, the city is liable. The allegation as to notice of the obstruction is general in its terms, but it is an allegation of notice, and if the character of the allegation is such as to prejudice,

embarrass or delay the fair trial of the action compulsory amendment can be made under the statute. The notice or want of notice of the obstruction is more within the knowledge of the defendant and the general allegation is sufficient in view of the allegation as to the character of the obstruction. The allegations as to the extent and nature of the obstruction and the lack of light or other safeguards at night are sufficient to show the street was in a seriously defective condition even for ordinary travel.

The declaration was sufficient to require a response from the defendant as to the facts alleged.

The judgment is reversed and the cause is remanded for further proceedings.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.