MAY H. GONZALEZ *et al., Plaintiffs in Error*, v. THE CITY OF PENSACOLA, *Defendant in Error*.

## Opinion Filed March 5, 1913.

1. Where a municipality is authorized to grade its streets, such grading should be done without undue injury to private property, and should be done without negligence, unskillfulness or malice and with due regard to the rights of abutting owners and others.

2. While a municipality is not liable in damages for consequential injuries to property abutting on a street resulting from a lawful grading of the public streets when due care is exercised in such grading, the municipality is liable in damages for its unlawful and negligent acts in grading streets that proximately and substantially injure persons or property.

3. In an action against a municipal corporation for negligent injuries, the gist of the action is the negligence for which the corporation is liable; and it is essential to allege in the declaration ultimate facts showing the relation out of which arose the duty of the corporation to exercise appropriate care with reference to the rights of the plaintiff, and also the negligent act of omission or commission for which the corporation is responsible, that proximately caused the injury complained of, the specific ultimate fact that actually caused the injury being duly alleged so that a definite issue may be presented for trial.

4. A declaration in which it is in effect alleged that a municipality negligently and recklessly caused the streets to be dug down and for months left in that condition before paving was done, whereby plaintiff's abutting lands were washed away and injured before the paving was done, because of the premature negligent and reckless lowering of the grade of the street, states a cause of action for damages.

Writ of error to the Circuit Court for Escambia County.

16—Vol. 65

Judgment reversed.

*John C. Avery,* for Plaintiffs in Error;

*John B. Jones,* for Defendant in Error.

WHITFIELD, J.—The amended declaration herein alleges:

"1.   Plaintiffs sue the defendant, a municipal corporation in said State and County, existing under the laws of the State of Florida, for that the said defendant, as such municipal corporation, was and still is possessed and had and has control of two certain public streets, called 8th Avenue and Jackson Street respectively, and plaintiffs were and are the owners in fee of a certain lot on the southeast corner of said 8th Avenue and Jackson Street; that while the plaintiffs so owned said lot as aforesaid, and while defendant was possessed and had control of said streets as aforesaid, the said defendant caused the grades of said streets to be lowered, by cutting them down many feet below the grade, as the same had been for many years; and the defendant was so careless and negligent in so lowering such grades and so cutting down said streets in front of plaintiff's said lot, and was so careless and negligent in removing the soil of said streets and in depriving plaintiffs' said lot of lateral support and in continuing to leave plaintiffs' said lot without lateral support that when rains fell, great streams of water rushed through the said streets where they had been cut as aforesaid and lowered in front of plaintiffs' said lot, washing away the soil thereof, undermining plaintiffs' house on their said lot, causing it to sink and sag, and the walls thereof to fall and the floors and windows to be thrown out of place and other-

wise greatly injuring said house and said lot whereon it stands, and greatly reducing the value thereof; and plaintiffs aver that by means of the premises they will continue to be damaged in the ways and in the manner aforesaid.

2.  And plaintiffs' for a second count aver each and every the averments of the first count, and further aver that plaintiffs' complained to the defendant of the negligent and careless acts aforesaid, and the damages resulting therefrom, and the defendants admitted its liability to plaintiffs on account thereof and promised to remedy the said conditions so produced by it aforesaid, but failed to do so and the said conditions remain unchanged, and plaintiffs' damages of the kind and character as aforesaid continue to accrue and increase.

3.  And plaintiffs for a third count aver each and every the averments of the first count, and further aver that they were and still are without authority or right to erect in, upon or along said streets any structures which would or will protect their said lot and their said house thereon from damages as aforesaid, although, as they in fact aver, the defendant might have erected such structures, but negligently failed and refused so to do, and failed to empower and direct plaintiffs to erect such structures upon or along said streets in front of their said lot.

To the damage of plaintiffs of five thousand ($5,000.00) dollars, and therefore they sue."

A demurrer was interposed to the three counts on grounds that:

"1st.  That the facts alleged in said Declaration are not sufficient to constitute any cause of action against the defendant.

2nd.  That the facts alleged in the Declaration are not

sufficient to show that defendant is liable to the plaintiffs for the damages alleged.

3d.    It is not shown that said action was begun within six months after the alleged cause of action accrued."

This demurrer was sustained and by leave of court the following amended count was filed:

"The plaintiffs sue the defendant, a Municipal Corporation in said State and County, existing under the laws of the State of Florida, for that, the said defendant as such Municipal Corporation, was, and still possessed and had and has control of two certain public thoroughfares called Eighth Avenue and Jackson Street respectively; and plaintiffs were and are the owners in fee simple of a certain lot on the southeast corner of the said Eighth Avenue and Jackson Street; that while the plaintiffs so owned the said lots as aforesaid ,and while the defendant was possessed and had control of the said thoroughfares as aforesaid, the said defendant did lower the grades thereof for the purpose of paving them, neither of them having theretofore been paved, and thereupon months before the defendant intended to or did begin the paving of said thoroughfares, and many months before it was necessary for the defendant to prepare for such paving, and before any provision was made therefor, pecuniary or otherwise, negligently and recklessly caused the said thoroughfares to be dug down below their level, as the same had been for many years, several feet deeper along the entire fronts of plaintiffs' said lot, and for months thereafter, left them there so dug down and constituting rough, uneven and unsightly excavations, inconvenient and difficult for travel, whereas had the defendant after such digging down within a reasonable time, proceeded to pave the said thoroughfares they would have constituted, safe and proper roadway for

travel, and by and through them water resulting from rainfalls would have speedily been drained and carried away; but by reason of the circumstances aforesaid, and the negligence and recklessness aforesaid, of the defendant, when rain fell great streams of water rushed through the said thoroughfares where they had been dug out, cut and lowered as aforesaid, wasting away the soil thereof, and of plaintiffs' said lot undermining plaintiffs' house on their said lot, causing it to sink and sag, and the walls thereof to fall, and the doors and windows to be thrown out of place and otherwise greatly injuring said house and said lot whereon it stands, and greatly reducing the value thereof, and thereby the plaintiffs were subjected to great expense and outlay of money to repair the injuries done as aforesaid, to their said property; and plaintiffs further in fact aver that recently and since the institution of this suit the defendant has paved said thoroughfares with the result that no further damage has since accrued to plaintiffs' from the cause aforesaid.

To plaintiffs' damage of five thousand ($5,000.00) dollars.

And therefore they sue.

To this count the following demurrer was filed:

"1st.  That the facts alleged in said declaration are not sufficient to constitute any cause of action against the defendant.

2nd.  That the facts alleged in said declaration are not sufficient to show that the defendant is liable to the plaintiffs for the damages alleged."

The court sustained the demurrer and entered final judgment for the defendant.  On writ of error taken by the plaintiff, the following errors are assigned:

"1. The Court erred in sustaining defendant's demurrer to amended declaration.

2. The Court erred in sustaining defendant's demurrer to last amended declaration.

3. The Court erred in rendering final judgment for the defendant.

Wherefore plaintiffs pray that the said judgment may be reversed."

The provision of the charter of the City of Pensacola, Section 155, of Chapter 4513, Acts of 1895, that "Actions against the city for damages for injuries to person or property shall be begun within six months after the cause of action accrued," does not create or constitute a part of a new right of action so as to make it a necessary part of an alleged cause of action. If such provision relating as it does to the limitation of time within which a right of action may be begun, is properly connected with or germain to the subject expressed in the title of the act providing for the creation of the municipality and for its government, (See State *ex rel.* Attorney General v. Burns, 38 Fla. 367, 21 South. Rep. 290) the provision is a special statute of limitations. The bar of a statute of limitation is an affimative defense that should be specially pleaded. It does not appear by the declaration that the right of action alleged is barred by any statutory limitation.

The municipality is authorized to grade its streets, but such grading should be done without undue injury to private property, and should be done without negligence, unskillfulness or malice and with due regard to the rights of abutting owners and others.

While a municipality is not liable in damages for consequential injuries to property abutting on a street resulting from a lawful grading of the public streets

when due care is exercised in such grading, the municipality is liable in damages for its unlawful and negligent acts in grading streets that proximately and substantially injure persons or property. See Dorman v. City of Jacksonville, 13 Fla. 538, 7 Am. Rep. 253; Selden v. City of Jacksonville, 28 Fla. 558, text 592, 10 South. Rep. 457; Bowden v. City of Jacksonville, 52 Fla. 216, text 224, 42 South. Rep. 394; Chidsey v. City of Pascagoula, — Miss. — 59, South. Rep. 879; 28 Cyc. 1065, 1078, 1079, 1286, 1328, 1338; 4 Dillon Mun. Corp. (5 ed.), Sec. 1674; Bunch v. Town of Edenton, 90 N. C. 431; Wright v. City of Wilmington, 92 N. C. 156. Salzman v. City of New Haven, 81 Conn. 389, 71 Atl. Rep. 500, is controlled by statute. In Hirth v. Indianapolis, 18 Ind. App. 673, 48 N. E. Rep. 876, the damages were consequential and negligence is not alleged.

In an action against a municipal corporation for negligent injuries, the gist of the action is the negligence for which the corporation is liable; and it is essential to allege in the declaration ultimate facts showing the relation out of which arose the duty of the corporation to exercise appropriate care with reference to the rights of the plaintiff, and also the negligent act of omission or commission for which the corporation is responsible, that proximately caused the injury complained of, the specific ultimate fact that actually caused the injury being duly alleged so that a definite issue may be presented for trial. See City of Daytona v. Edson, 46 Fla. 463, 34 South. Rep. 954; City of Orlando v. Heard, 29 Fla. 581, 11 South. Rep. 182; Consumers Electric Light & St. Ry. Co. v. Prior, 44 Fla. 354, 32 South. Rep. 797; Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618.

The declaration states the relation of municipality and owner of property abutting on streets out of which

arose the duty of the defendant municipality to exercise due care with reference to the plaintiff's property rights, in grading and paving streets upon which plaintiffs property abutted, and in effect alleges that months before it was necessary to prepare for paving and before provision was made for such paving, the defendant negligently and recklessly caused the streets to be dug down below their natural level and for months thereafter to be left in that condition, and that by reason. of such negligent and reckless premature digging long before the paving was to be done, the rain water passing on the streets washed away the soil undermining plaintiff's house, causing it to sink and sag, etc., greatly reducing the value of the property and causing expenses to the plaintiff's injury. The ultimate fact that proximately caused the injury, to-wit: The careless and reckless premature digging down of the grade of the streets long before the paving was to be placed to protect the soil on abutting property from being washed away by rain water passing along the street before the paving was done, is sufficiently alleged to tender a definite issue. The negligence alleged appears to have been a proximate cause of the stated injury. Apparently the alleged negligent and reckless premature digging down of the street long before the paving was to be done, permitted the passing rain water to wash away the abutting property before the paving was done to the plaintiff's injury, when such injury would not have occurred if the digging had not been done so long before the paving. The negligence alleged is of commission and long standing of which the municipal authorities must have known. If there was contributory negligence on the part of the plaintiff that is a matter of affirmative defense to be pleaded and proven by the defendant.

Contributory negligence does not appear from the allegations of the declaration.

The injury in this case is alleged to have been caused not by any defect in the authority given or in the plans devised for the grading of the public streets, but by the negligent and reckless ministerial act of prematurely lowering the streets long before it should have been done for paving purpose, whereby surface water passing over the street undermined the plaintiff's abutting property before the grading was done.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.