TOWN OF DEFUNIAK SPRINGS, *Plaintiff in Error*, v. W. W. PERDUE AND P. D. McDONALD, *Defendants in Error*.

### Opinion Filed March 24, 1915.

1. In an action against a municipal corporation for negligent injuries, the gist of the action is the negligence for which the corporation is liable; and it is essential to allege in the declaration ultimate facts showing the relation out of which arose the duty of the corporation to exercise appropriate care with reference to the rights of the plaintiff, and also the negligent act of omission or commission for which the corporation is responsible, that proximately caused the in-

jury complained of, the specific ultimate fact that actually caused the injury being duly alleged so that a definite issue may be presented for trial.

2. On an assignment of error based upon the overruling of a demurrer to the declaration, the plaintiff in error will be confined to the grounds stated in the demurrer and argued in the appellate court, and no other grounds will be considered, unless there is an omission in the declaration of allegations of substantive facts which are essential to a right of action, so that the declaration wholly fails to state a cause of action.

3. Where in an action for damages the declaration when fairly considered as an entirety states facts from which it may reasonably be inferred that the negligence alleged was a proximate cause of the stated injury, a demurrer addressed to that point is properly overruled.

4. Where a single assignment attacks the ruling of the Circuit Judge sustaining a demurrer to three separate pleas, an appellate court need go no further than to determine that the demurrer was properly sustained to one of such pleas, as the assignment must fail, unless all of such pleas are good.

5. Where the negligence of a municipality has contributed as the proximate cause of the injury complained of, such municipality cannot avoid liability by claiming that such injury was caused by an act of God. It is sufficient if the negligence of the municipality is an efficient cause, without which the injury would not have resulted, and that such other cause is not attributable to the person injured.

6. In an action against a municipality to recover damages alleged to have been occasioned by the falling of a tower owned by such municipality, which had been permitted to become and remain in a decayed and unsafe condition, no error is committed in refusing to permit a witness for the defendant to give his opinion as to whether or not the wind was sufficient in force to have blown such tower down, if

the tower had been sound, especially when such witness had not qualified either as an expert or skilled witness.

7. Evidence is properly excluded that has no relevancy to any issue in the cause.

8. Instructions should be confined to the issues made by the pleadings, and are properly refused when they do not state correct propositions of law as applicable to the facts of the case.

9. When a jury has rendered its decision through its verdict, it should be regarded as settling all controverted questions of fact submitted for determination, unless it clearly appears that the jurors in arriving at such verdict must have been improperly influenced by considerations outside the evidence.

10. In passing upon an assignment based upon the ruling of the trial court in denying a motion for a new trial, which questions the sufficiency of the evidence to sustain the verdict, the guiding principle for an appellate court is not what it may think the jury ought to have done, or what such court may think it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found such verdict from the evidence adduced. If this question can be answered in the affirmative, the action of the trial court upon such motion should not be disturbed.

Writ of error to Circuit Court for Walton County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*D. Stuart Gillis*, for Plaintiff in Error;

*Daniel Campbell & Son*, for Defendants in Error.

SHACKLEFORD, J.—W. W. Perdue and P. D. McDonald, "partners trading and doing business as Perdue & McDonald," brought an action against the town of DeFuniak Springs, a municipal corporation, to recover damages for the killing of two mules, the property of the plaintiffs, by reason of the alleged negligence of the defendant municipality. A trial was had before a jury, resulting in a verdict for the plaintiffs for the sum of $425.00, upon which judgment was entered, which the defendant has brought here for review.

The first assignment is based upon the overruling of the demurrer which was interposed to the declaration. The declaration consists of three counts and covers over seven typewritten pages. We have several times had occasion to discuss the essential allegations in a declaration in an action for the recovery of damages for injuries occasioned by the negligence of the defendant. See Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618; Wood Lumber Co. v. Gipson, 63 Fla. 316, text 320, 58 South. Rep. 364, text 365; Coombs v. Rice, 64 Fla. 202, 59 South. Rep. 958; Gonzalez v. City of Pensacola, 65 Fla. 241, 61 South. Rep. 503. It would be well for counsel to heed the suggestions in these cases, as undue prolixity and unnecessary allegations may prove dangerous. As we held in Gonzalez v. City of Pensacola, *supra,* "In an action against a municipal corporation for negligent injuries, the gist of the action is the negligence for which the corporation is liable; and it is essential to allege in the declaration ultimate facts showing the relation out of which arose the duty of the corporation to exercise appropriate care with reference to the rights of the plaintiff, and also the negligent act of omission or commission for which the corporation is responsible, that proximately caused

the injury complained of, the specific ultimate fact that actually caused the injury being duly alleged, so that a definite issue may be presented for trial."

We see no occasion for copying the declaration in the instant case. Very concisely stated, it alleges that the defendant municipality erected and owned and controlled a certain structure at a certain described location, known as the bell tower, upon which was placed a large and heavy bell, which bell tower had been constructed a number of years previous to the injury and the foundation of which had been suffered and permitted to rot and decay to such an extent that it had become unsafe and dangerous, which unsafe and dangerous condition was known or should have been known, to the defendant, its officers and employes; that the defendant had also extended electric wires throughout the municipality for the purpose of lighting the same and had placed such electric wires in reach of such bell tower in its unsafe condition, and that upon a specified date such bell tower, by reason of its decayed and unsafe condition, fell with great force across such electric wires, which were charged with electricity, thereby precipitating such wires upon and across the street whereon two mules, the property of the plaintiffs, were standing, so that such mules, without the negligence of the plaintiffs or their employes, came in contact with such live wires and were immediately killed, to the damage of the plaintiffs in the sum of $450.00. The three counts differ from one another only as to the exact location of the bell tower.

We see no occasion for copying the demurrer interposed. Suffice it to say that it contained five grounds. As we have repeatedly held: "On an assignment of error based

upon the overruling of a demurrer to the declaration, the plaintiff in error will be confined to the grounds stated in the demurrer and argued in the appellate court, and no other grounds will be considered, unless there is an omission in the declaration of allegations of substantive facts which are essential to a right of action, so that the declaration wholly fails to state a cause of action." See Royal Phosphate Co. v. Van Ness, 53 Fla. 135, 43 South. Rep. 916. Strictly speaking, the defendant municipality has not argued before us one of the grounds stated in the demurrer, but has undertaken to raise here for the first time other grounds. This cannot be permitted. We have carefully examined the declaration and also the grounds of the demurrer and are of the opinion that, notwithstanding the prolixity, redundancies and unnecessary matter therein, the declaration does sufficiently comply with the requirements in Gonzalez v. City of Pensacola, *supra,* to enable it to withstand the attack made upon it by the demurrer which was interposed. See also Tampa & Jacksonville Ry. Co. v. Crawford, 67 Fla. 77, 64 South. Rep. 437, wherein we held, "Where in an action for damages the declaration when fairly considered as an entirety states facts from which it may reasonably be inferred that the negligence alleged was a proximate cause of the stated injury, a demurrer addressed to that point is properly overruled." We must hold that the first assignment has not been sustained.

The second assignment is that "the court erred in sustaining plaintiffs' demurrer to defendant's (amended) pleas 2, 3 and 4, filed August 17th, 1914." The defendant had previously filed a plea of not guilty. We do not copy all three of the amended pleas to which the demurrer was sustained for the reason that, where a single assignment

of error attacks the ruling of the Circuit Judge sustaining a demurrer to three separate pleas, if we should find that the Circuit Judge acted properly in sustaining the demurrer to any one of the pleas in question, we need go no further in considering the assignment, as the assignment being single, unless all of such pleas are good, must fail. Cooney-Eckstein Company v. King, decided here at the present term. The second amended plea in question is as follows:

"2. That the proximate cause of the alleged injury was wind storm of great and unusual force and velocity which blew upon and against said bell tower with such force as to cause the same to fall against and upon the said electric wires of defendant thereby precipitating said wires into and along the street where the mules of plaintiffs' came into contact with the same and were killed as alleged in plaintiffs' declaration."

The law would seem to be correctly stated in 29 Cyc. 496 to 598, from which we copy the following excerpt: "as a general rule it may be said that negligence to render a person liable need not be the sole cause of an injury. It is sufficient that his negligence concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury. So that where two causes combine to produce injuries a person is not relieved from liability because he is responsible for only one of them. Within the rule the causes concurring with one's negligence may be the negligent act of another, if the act of such such other is not imputable to the person injured, or inevitable accident, act of God, or some inanimate cause. A person is not excused from liability from failure to perform a duty because another person failed to

perform his duty.  Where several causes producing an injury are concurrent, the injury may be attributed to all or any one of the causes.  It is sufficient if the negligence of the party sought to be charged is an efficient cause, without which the injury would not have resulted, and that such other cause is not attributable to the person injured.  But it must appear that such person was responsible for one of the causes which resulted in the injury. The concurring negligence of another cannot transform the remote into the proximate cause of an injury or create or increase the liability of another." Also see the authorities cited in the notes.  This is the principle which we laid down in Janes v. City of Tampa, 52 Fla. 292, 42 South. Rep. 729, 120 Amer. St. Rep. 203, 11 Ann. Cas. 510.  We would also again refer to Gonzalez v. City of Pensacola, *supra.*  We think that the demurrer to this plea was prop erly sustained, therefore the second assignment fails.

Upon the sustaining of the demurrer to such pleas, by leave of court, the defendant filed two additional pleas, which were also successfully attacked by a demurrer, which ruling forms the basis for the third assignment, which is argued together with the second assignment and must fail for the same reason, so further discussion thereof is unnecessary.

The defendant then filed three additional pleas, numbered 5, 6 and 7.  On motion the 5th and 6th pleas were stricken and this forms the basis for the fourth assignment, which we shall not discuss as such two pleas were in substance and effect but a repetition of pleas which the court had previously and properly held to be insufficient.  The seventh plea is as follows:

"7.   That the injury complained of was contributed to

by the acts of plaintiffs in this: that at the time of the alleged injury for several hours prior thereto, a great and unusual wind and rain storm was sweeping over and along said street adjacent to said bell tower and upon which said mules were standing, with such force and violence as to render the use of said street for passage by persons on foot or with teams, buggies or wagons, or other modes of travel, or the leaving of teams of horses or mules standing thereon unhitched and unattended, extremely dangerous and hazardous from falling objects or structures along said street, collisions or other accidents caused by the great and unusual force and volume of said wind and rain storm, of all of which plaintiffs were aware, yet the plaintiffs, notwithstanding said storm, the danger aforesaid and their knowledge thereof, negligently and carelessly and disregarding their duty in the premises, left their said mules, for the death of which this suit is brought, standing unhitched and unattended upon said street said mules being of gentle qualities and not easily frightened, and one of which said mules, partially, if not totally blind, at a place where they would have been safe from contact with said electric wires and there they, because of their gentle qualities, as aforesaid, would have remained had they been hitched or attended and from which place they, after said bell tower had fallen and said electric wires had been precipitated into and across said street, during said storm as aforesaid, and while the danger aforesaid existed, all of which was known to the plaintiffs, strayed and wandered across said street and came into contact with said wires and were killed as alleged; that between the time when said bell tower fell and thereby said wires were precipitated into and across said street and the time when said mules came into contact with said wires, suffi-

cient and ample time elapsed within which plaintiffs, in the exercise of reasonable care and prudence, could have attended and secured said mules and prevented them from coming into contact with said wires, but that the plaintiffs, notwithstanding the dangerous conditions; that said mules were unhitched and unattended and of defective sight as aforesaid; that the wires were down as aforesaid and notwithstanding there was ample time and opportunity to do so, and that plaintiffs knew of the danger from said electric wires, said plaintiffs negligently. and carelessly and disregarding their duty in the premises, as aforesaid, failed to attend and secure said mules and prevent their coming into contact with said wires, which they could have done by the exercise of reasonable care and prudence and could thereby have avoided the injury complained of."

The plaintiffs interposed a demurrer to this plea which was overruled, whereupon the plaintiffs filed the following replication:

"The plaintiffs for replication to the 7th additional plea filed herein says:

1st.  That plaintiffs did not have sufficient and ample time to attend and secure said mules, and prevent their coming in contact with the wires, between the time when the bell tower fell precipitating the wires in the street, and the injury to the mules complained of.

2nd.  That the plaintiffs had no knowledge of the wires being precipitated in the street in time to attend and secure said mules from coming into contact with said wires.

3rd.  That plaintiffs mules were hitched and attended at the time said bell tower fell."

To this replication the defendant interposed a demurrer, the overruling of which is made the basis for the fifth assignment, which is expressly abandoned.

Upon the issues made by the pleadings which were left standing, the declaration, the first plea of not guilty, the seventh plea, which we have copied above, and the replication thereto, the case went to trial, with the result as stated.

The sixth and eighth assignments are based upon the overruling of certain objections interposed by the defendant to certain questions propounded by the plaintiffs to two of their witnesses. We have examined these assignments and are of the opinion that they are not well founded and do not call for a discussion. The seventh assignment is abandoned.

The ninth assignment is as follows:

"9. The court erred in sustaining plaintiffs objection to the question propounded to the defendants witness, Malcolm Bruce, on direct examination, 'State whether or not this wind was sufficient in force to blow that tower down, as it was constructed with the bell on it, if it had been sound.' "

We find that this witness, Malcolm Bruce, had been introduced on behalf of the plaintiffs and had testified at some length, stating, among other things, that he was the superintendent of water and lights for the defendant municipality and was acting as city engineer of such municipality at the time the electric wires in question were placed. Such witness later on was introduced on behalf of the defendant and testified as follows: "Q. Mr. Bruce,

you remember the occasion upon which the mules of Perdue & McDonald were killed? A. Yes sir. Q. You testified this morning in this case in behalf of the plaintiff? A. Yes sir. Q. State, Mr. Bruce, the condition of the weather at the time the accident occurred with reference to the force of the wind? A. I considered it a very severe wind, in fact the worst I have seen since the electric light plant has been established here—I would call it the severest. Q. Have you ever, in your recollection, seen in this locality any wind as great as this was? A. No sir. Q. You are acquainted with the bell tower in question here, and the bell that was placed upon it? A. Yes sir. Q. State whether or not that wind was sufficient in force to blow that tower down as it was constructed with the bell on it, if it had been sound? MR. CAMPBELL: We object. THE COURT: Yes, he has not shown any basis upon which he could testify. Anyway, the court has ruled that would not be proper. As a basis to show that the tower fell by reason of the great wind, you have got first to show that it was a sound tower, that is, reasonably so. JUDGE GILLIS: The defendant excepts."

The witness then proceeded to give further testimony in response to questions propounded to him by the respective counsel for the parties litigant, but there is no occasion to set forth or to discuss such further testimony. It will be observed that no grounds of objection were stated to the question propounded to the witness, as should have been done. Even so, we cannot hold the trial judge in error in refusing to permit the witness to answer the same. The witness had not qualified as an expert or skilled witness or shown that he was sufficiently familiar with the strength of the tower so as to enable him to

testify as to the stress and strain it was capable of with-
standing or what kind of wind would be required to blow
it down or cause it to fall. There had been no testimony
adduced to the effect that the tower was in a sound con-
dition. Even the witness whose testimony we are now
considering had testified on his former examination that
the sills "were slightly rotten," though he "didn't exam-
ine them carefully." Other witnesses had testified as to
the rotten, decayed, unsound and unsafe condition of the
foundation of the tower. It is further true, as we have
frequently ruled, that evidence is properly excluded that
has no relevancy to any issue in the case. Knight v. Em-
pire Land Co., 55 Fla. 301, 45 South. Rep. 1025. The
trial judge had settled the issues in the instant case by his
respective rulings upon the pleadings. We would refer
to our discussion of the second assignment and the au-
thorities there cited. Also see the well-reasoned case of
Detzur v. Stroh Brewing Co., 119 Mich. 282, 77 N. W.
Rep. 948, 44 L. R. A. 500.

The tenth and eleventh assignments, which are argued
together, are based upon the refusal of the third and
fourth instructions requested by the defendant, which are
as follows: "If you find that the injury for which this
suit is brought was caused by other agencies than the
negligence of the defendant and that such other agencies
were sufficient to have produced the injury complained of,
independently of the alleged negligence of the defendant,
you should find for the defendant.

"If you find that at the time this bell tower fell there
was such a high wind blowing along and at the place
where it was located that any bell tower, of the nature
and size of this bell tower, even of sound and solid tim-

bers and foundation, would have blown over then the defendant is not liable and you should find in its favor."

We think that these requested instructions were properly refused. As we have repeatedly ruled, instructions should be confined to the issues made by the pleadings. Dunwoody v. Saunders, 50 Fla. 202, 39 South. Rep. 965. Instructions are properly refused that do not state correct propositions of law as applicable to the facts of the case. Moore v. Lanier, 52 Fla. 353, 42 South. Rep. 462. In discussing the preceding assignments we have expressed our views as to the issues made by the pleadings in the instant case and the principles of law which control. We would add that the general charge given by the court would seem to have fully and correctly stated the law, as no exceptions to any portion thereof were taken by the defendant and no assignments are based thereon. Five istructions requested by the defendant were also given.

We now reach the twelfth and last assignment, which is based upon the overruling of the motion for a new trial. Following our established practice, we confine ourselves to such grounds thereof as are urged before us. Williams v. State, 68 Fla. 88, 66 South. Rep. 424. All of the grounds argued question the sufficiency of the evidence to support the verdict. When a jury has rendered its decision through its verdict, it should be regarded as settling all controverted questions of fact submitted for determination, unless it clearly appears that the jurors in arriving at such verdict must have been improperly influenced by considerations outside the evidence. The test which we have adopted is as follows: "In passing upon an assignment based upon the ruling of the trial court in

denying a motion for a new trial, which questions the sufficiency of the evidence to sustain the verdict, the guiding principle for an appellate court is not what it may think the jury ought to have done, or what such court may think it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found such verdict from the evidence adduced. If this question can be answered in the affirmative, the action of the trial court upon such motion should not be disturbed." Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 South. Rep. 367, and Atlantic Coast Line R. R. Co. v. Levy, 68 Fla. 234, 57 South. Rep. 47.

The judgment must be affirmed.

TAYLOR, C. J., AND COCKRELL, WHITFIELD AND ELLIS, JJ., concur.