## CITY OF LAKELAND v. BECK.

(Circuit Court of Appeals, Fifth Circuit. December 13, 1922.)

No. 3871.

1. **Municipal corporations ⟨⟩763(1)—Must keep sidewalks in reasonably safe condition.**

It is the law of Florida that municipal corporations must keep streets and sidewalks in reasonably safe condition.

2. **Municipal corporations ⟨⟩757(2)—City liable, if not requiring abutting owner to keep sidewalk in condition.**

Failure of a city operating under a special charter to exercise its power thereunder, which other cities have under Rev. Gen. St. Fla. 1920, § 1845, to require abutting owners to construct and repair sidewalks, is a breach of duty, making it liable to one injured thereby.

3. **Municipal corporations ⟨⟩816(4)—Declaration held to sufficiently allege notice of defective sidewalk.**

Notice to a city of a defective sidewalk is sufficiently alleged by a declaration alleging that it had been in bad repair and condition several weeks before the accident, and that its condition was known to the city, or in the exercise of reasonable care should have been known.

4. **Municipal corporations ⟨⟩821(1)—Direction of verdict proper, on unconflicting evidence sustaining the declaration.**

Direction of verdict for plaintiff, for such sum as the jury should find from the evidence, for injury from defective sidewalk, of which condition defendant city had notice, is proper, on unconflicting evidence fully sustaining the declaration.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action by Emma M. Beck against the City of Lakeland. Judgment for plaintiff, and defendant brings error. Affirmed.

J. H. Peterson, of Lakeland, Fla., for plaintiff in error.

John B. Sutton and McKay & Withers, all of Tampa, Fla., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is a writ of error, sued out by the city of Lakeland, defendant, to a judgment in favor of Emma M. Beck, plaintiff. The declaration alleges that plaintiff was injured because of the defective condition of a sidewalk on a public street, that the sidewalk had been in bad repair and condition for several weeks prior to plaintiff's injuries, and that the condition of the sidewalk was known to the city, or in the exercise of reasonable care should have been known.

The city demurred to the declaration, upon the ground that it is not liable for the negligent failure to keep its streets in a reasonably safe condition, and also because the declaration does not sufficiently allege that the city had notice or knowledge of the unsafe condition of the street. The court overruled the demurrer, and defendant pleaded the general issue of not guilty, and contributory negligence.

The evidence shows without conflict that the plaintiff was injured

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as alleged; that the sidewalk was broken, uneven, and in a dangerous condition, and had been so for at least a year prior to the injury to plaintiff. There was no evidence tending to show that plaintiff was guilty of contributory negligence. At the conclusion of the evidence the court directed the jury to find for the plaintiff in such amount as they should find from the evidence she was entitled to recover as compensation for the injury.

[1] The assignments of error are predicated upon the order overruling the demurrer, and upon the peremptory instruction. It is the settled law of Florida that municipal corporations are liable in tort for failure to keep streets and sidewalks in reasonably safe condition. Tallahassee v. Fortune, 3 Fla. 19, 52 Am. Dec. 358; Jacksonville v. Drew, 19 Fla. 106, 45 Am. Rep. 5; Pensacola v. Jones, 58 Fla. 208, 50 South. 874; Key West v. Baldwin, 69 Fla. 136, 67 South. 808.

[2] At the time of plaintiff's injury, the defendant city was operating under a special charter enacted by the Legislature in 1919, and for that reason it is contended the above decisions and others which might be cited are inapplicable. But the contention is untenable. The defendant by its special charter is granted the power, which cities without special charters have under section 1845 of the Revised General Statutes, to require abutting property owners to construct sidewalks. The failure to exercise such power constitutes a breach of duty, for which a municipality is liable. Pensacola v. Jones, supra.

[3] Notice to the defendant of the defective sidewalk complained of was sufficiently alleged. Janes v. Tampa, 52 Fla. 292, 42 South. 729, 120 Am. St. Rep. 203, 11 Ann. Cas. 510.

[4] The evidence being without conflict and having fully sustained the declaration, it was proper for the court to direct a verdict for the plaintiff.

The judgment is affirmed.