RUBY STARLING, AND HER HUSBAND, D. F. STARLING, *Plaintiffs in Error*, v. CITY OF GAINESVILLE, A MUNICIPAL CORPORATION, *Defendant in Error*.

Division A.

Opinion Filed November 23, 1925.

1. Where two causes combine to produce an injury both in their nature proximate, the one being a defect in a City Street and the other some accident for which neither party is responsible, the city is liable provided the plaintiff was not at fault and the injury would not have been sustained but for the defect in the street.

2. When the negligence of a municipality has contributed as the priximate cause of the injury complained of. such municipality cannot avoid liability by claiming that such injury was caused by the act of God. It is sufficient if the negligence of the municipality is an efficient cause, without which the injury would not have resulted, and that such other cause is not attributable to the person injured.

3. If the negligence of the defendant concurs with the other cause of the injury in point of time and place, or otherwise so directly contributed to the plaintiff's damage that it is reasonably certain that the other cause alone would not have sufficed to produce it, the defendant is liable, notwithstanding he may not have anticipated the interference of the superior force, which concurring with his own negligence, produced the damage.

A Writ of Error to the Circuit Court for Alachua County; A. V. Long, Judge.

Affirmed.

*E. M. Johns* and *W. S. Broome*, Attorneys for Plaintiffs in Error;

*Robt. E. Davis*, Attorney for Defendant in Error.

TERRELL, J.—Ruby Starling joined by her husband, D. F. Starling, sued the City of Gainesville for certain personal injuries to the former caused from running the automobile in which they were riding into an open ditch or excavation which had been dug by defendant in error across one of the public streets of said city thereby throwing the said Ruby Starling against the windshield of said automobile, breaking the said windshield and inflicting on the said Ruby Starling painful cuts, bruises and injuries.

The case went to trial on the plea of the general issue and contributory negligence on the part of the husband. At the conclusion of the plaintiff's testimony the court granted a motion for an instructed verdict in favor of the defendant, from which order plaintiff took writ of error.

The sole question presented for our determination is whether or not the motion for an instructed verdict in favor of the defendant was properly granted.

The motion for an instructed verdict alleges that the evidence does not support the allegations of the declaration and that such evidence shows that the proximate cause of the injury was an Act of God.

The declaration in substance charges that on the morning of the accident the City of Gainesville dug a deep ditch or excavation across Pleasant Street at its intersection with Church Street in said city and carelessly and negligently failed to leave said Pleasant Street in a reasonably good and safe condition and repair for the use and travel of the public, but on the contrary not regarding its duty left said ditch or excavation partially filled with loose sand, possessing insufficient foundation and strength to support or sustain the weight of an ordinary automobile, and therefore in such condition as to be dangerous and unsafe for the use and travel of the public, and that said ditch or excavation became filled with water by reason of heavy rains that were and had been frequently falling, whereby the condition of

said ditch or excavation could not have been seen, and while it was in such condition the plaintiffs, without warning or negligence on their part ran and drove their car into said ditch or excavation, by reason whereof said car was brought to a sudden stop throwing the plaintiff Ruby Starling against the windshield with great force and violence, breaking said windshield and causing serious cuts and bruises on the body of the plaintiff.

A careful examination of all the evidence shows the injuries complained of, but it also discloses that the ditch or excavation was completely filled by the defendant, that all the sand and earth that was was taken from it was replaced that an excessive rain had just fallen and the streets were covered with water when the accident occurred and that after the water had run off traffic passed over said ditch or excavation in the usual manner without interference. The evidence also shows that no warning or signal was given or exhibited to indicate the location of the ditch or excavation. Stated concisely, recovery is grounded on the alleged fact that a ditch or excavation was left partially open, while the evidence shows that it was completely filled and that traffic passed over it without hindrance, as soon as the water ran off. The *probata* does not therefore meet the *allegata*.

The law is well settled in this State that where two causes combine to produce an injury both in their nature proximate, the one being a defect in a city street and the other some accident for which neither party is responsible, the city is liable provided the plaintiff was not at fault and the injury would not have been sustained but for the defect in the street. Janes v. City of Tampa, 52 Fla. 292, 42 South. Rep. 729; Town of De Funiak Springs v. Perdue, 69 Fla. 326, 68 South. Rep. 234.

It is also well settled that when the negligence of a municipality has contributed as the proximate cause of the in-

jury complained of, such municipality cannot avoid lia-
bility by claiming that such injury was caused by the Act
of God. It is sufficient if the negligence of the municipality
is an efficient cause, without which the injury would not
have resulted, and that such other cause is not attributable
to the person injured. Town of DeFuniak Springs v.
Perdue, *supra*, 29 Cyc. 496.

It is universally agreed that if the damage is caused by
the concuring force of the defendant's negligence and some
other force for which he is not responsible, including the
Act of God, or superhuman force intervening, the defend-
ant is nevertheless responsible if his negligence is one of
the proximate causes of the damage, within the definition
already given. It is also agreed that if the negligence of
the defendant concurs with the other cause of the injury
in point of time and place, or otherwise so directly con-
tributes to the plaintiff's damage that it is reasonably
certain that the other cause alone would not have sufficed
to produce it, the defendant is liable, notwithstanding he
may not have anticipated the interference of the superior
force, which concurring with his own negligence, produced
the damage. But if the superior force would have produced
the same damage, whether the defendant had been negligent
or not, his negligence is not deemed the cause of the injury.
Brash v. City of St. Louis, 161 Mo. 433, 61 S. W. Rep.
808; Howe v. West Seattle Land & Improvement Co., 21
Wash. 594, 59 Pac. Rep. 495; Cyc. 496.

The evidence tends to show that the rain and the con-
dition of the filled ditch or excavation incident to the rain,
were the concurring causes responsible for the injury to
the plaintiff, but the declaration contains no allegation to
this effect. If this is true, in the absence of negligence on
the part of the plaintiff in error, the mere fact that it
rained would not relieve the defendant in error unless it is

shown that the rain would have produced the same result whether the defendant had been negligent or not.

Affirmed.

WEST, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.