45 So.2d 119 (1950)
MIAMI COCA COLA BOTTLING CO.
v.
MAHLO.
Supreme Court of Florida, Division A.
March 3, 1950.
Rehearing Denied April 3, 1950.
*120 Blackwell, Walker & Gray, Miami, for appellant.
Rollo E. Karkeet, Miami, for appellee.
THOMAS, Justice.
The appellee brought action against the appellant for damages sustained by him when the appellant's truck and the car in which the appellee was riding collided. The jury returned a verdict of not guilty, and subsequently the trial judge granted a motion for a new trial, giving as his reason that "even without any request from the plaintiff, [he] should have charged the jury on concurrent negligence, since this case involved a collision between the defendant's car and the car in which the plaintiff was a passenger." He concluded that the question asked by the foreman of the jury during that body's deliberations indicated that confusion had arisen in their minds.
Not only did the plaintiff fail to request such a charge at the outset, or even when the foreman requested information from the court, but no such matter was specified in the motion for new trial. The problem seems to have arisen in the mind of the judge from the question by the foreman: "In our discussion, we were wondering whether if we should decide that this accident could have been prevented by proper diligence on the part of both drivers, what should be the nature of our verdict?" When the judge remarked that it was a question he could not answer, the foreman inquired: "Judge, you feel that if we think there is negligence on the part of both  assume that we should  then we are to determine the degree of negligence?" The judge responded, "No, Sir. As I tried to tell you before, contributory negligence is a bar to recovery, even though you think the negligence of the defendant is greater than the negligence of the plaintiff; but it is the negligence of the plaintiff with which you are concerned and not the negligence of the drivers." (Italics supplied.)
Under our law it is a bit vague just where the duty of the court to charge on the law of the case leaves off and the duty of counsel to request charges begins. The statute on the subject provides that the judge "shall charge the jury only upon the law of the case; that is, upon some point or points of law arising in the trial of said cause", and then follow provisions with reference to instructed verdicts. Section 54.17, Florida Statutes 1941, and F.S.A. *121 The word we have emphasized seems to modify the requirement so that it becomes a restriction on what he shall charge, that is, the law of the case only, except where the state of the evidence at the close of the plaintiff's case or at the conclusion of all the testimony justifies his directing a verdict on the evidence. We could not sanction a judge's sending a jury out to consider the issues in a controversy without some advice about principles of law applicable to their functions and the fundamental issues involved; on the other hand, it would be unsound to hold that the court should comprehend and charge upon every actual as well as potential point in the case and that counsel could sit by without making any requests and later take advantage of some oversight or omission after an adverse verdict.
We are conscious always of the rule, long since established, that the action of a trial court in granting a motion for new trial will be disturbed with great reluctance and hesitancy on the part of this court because the trial judge is in so much better position to determine from the actual trial, of which he has been a part, whether injustice has been done, and, after all, that is the paramount consideration.
In this case we are greatly impressed by the appellant's contention that the verdict of the jury should not have been disturbed by the judge, inasmuch as no instruction was requested by the appellee on the subject of "concurrent negligence" and no ground of the motion for a new trial presented the question. That term appears nowhere save in the order granting a new trial. We must delve into the record, however, to see whether the failure of the judge to charge on the matter of concurrent causes of negligence could have so confused the jury as to result in a miscarriage of justice. In the first place, the pleas in the case, beside the one of not guilty, were, in effect, that the plaintiff was guilty of contributory negligence because he was aware of the negligence of his driver and did not remonstrate with him, and that the negligence of this driver was the sole proximate cause of the collision. So these issues seem to have been very clearly drawn: the blamelessness of the operator of defendant's truck, so much of the negligence of plaintiff's operator as could be imputed to plaintiff by reason of plaintiff's failure to remonstrate, and the sole negligence of plaintiff's driver.
If the evidence established the negligence of the defendant as the proximate cause of the injury, plaintiff could, of course, recover, if contributory negligence, attributable to him because of his failure to warn his driver of a danger apparent to plaintiff, was not proved. He could not, by the same token, prevail if the driver of defendant's vehicle was free of fault, if he had contributed appreciably to his own injury, or if the injury resulted solely from the negligence of his own driver. A corollary proposition was the effect of the negligence of both drivers in the absence of a showing that any of the negligence of the driver of plaintiff's car could be charged to plaintiff. It seems to be the law that in the last situation the plaintiff could have recovered nevertheless, if the defendant's negligence was sufficient to produce the danger or was an efficient cause of the injury, even though another contributed to the injury.
When the time came for the court's charge to the jury, he expounded, in the first part of his charge, the law with reference to proximate cause, negligence, and contributory negligence as the law would apply to a case where the question of concurrent causes would not be involved. Then the jury were told that they were to be concerned with the conduct of the plaintiff in passing upon the question of contributory negligence but "not the conduct of the driver of the car in which the plaintiff was riding," the plaintiff being "under the duty to warn the driver of any danger which [was] apparent." This was emphasized by his statement that it was the contributory negligence of the plaintiff and not of the driver of the car which was important. There immediately followed the admonition that in considering proximate cause, the jury should consider the conduct of the driver of plaintiff's car "to *122 determine whether or not the proximate cause of this damage to the plaintiff was the action of the driver of the two vehicles in question. So keep this distinction clearly in mind, that where you are trying to seek the proximate cause of this, you do consider the actions of the driver of the car in which the plaintiff is riding." (Italics supplied.) Considering this, together with all the charges on the subject, we suppose the judge meant that the conduct of the driver of plaintiff's car should be determined to the extent of deciding whether the plaintiff himself had been negligent in not warning the driver of any impending danger of which the plaintiff was aware, or whether the negligence of the plaintiff's driver was the sole cause of the injury.
It was after the jury had retired under these instructions that they returned to the courtroom and sought additional light by asking the question which we quoted at the outset.
When the judge finally told the jury that they were not concerned with the negligence of the drivers, in reply to an inquiry about what the jury should do if they found both of them to have been negligent, and reiterated the rule with reference to contributory negligence, he begged a question on which the jury wished illumination, for it was certainly not clear to them how their duty should be discharged if they concluded both drivers had been negligent but were not convinced that the plaintiff himself had contributed to the negligence of his driver by failing to warn him of a danger known to the plaintiff.
So, up to this point they knew what to do if they decided that the accident was caused solely by the defendant's operator and if the plaintiff had failed to remonstrate with his driver about a danger of which the plaintiff was aware, but they were never told what course to follow if they concluded that both drivers were negligent and the plaintiff was free from blame.
We agree with the judge that it would have been appropriate to charge on this phase of the law, and we commend him on his effort, however belated, to rectify the mischief he thought had been done. But after studying the record carefully we cannot conclude that the error was harmful.
In Starling v. City of Gainesville, 90 Fla. 613, 106 So. 425, 426, this court remarked that it was "universally agreed that if the damage is caused by the concurring force of the defendant's negligence and some other force for which he is not responsible * * * the defendant is nevertheless responsible if his negligence is one of the proximate causes of the damage * * *."
Pausing here before quoting further from that opinion, we are impelled to remark that the worst that can be said of the procedure followed in the instant case is that there was eliminated from the jury's consideration any negligence of plaintiff's driver not imputable to plaintiff and not sufficient to have been the sole cause of the injury. If the jury were not hampered by that complex technical aspect, could they not more easily fasten on the defendant responsibility for the damage by deciding that the defendant was negligent, the plaintiff made no contribution to it, the negligence of plaintiff's driver was not the sole cause, and thus would not bother themselves with the question of the negligence of the plaintiff's driver not chargeable to the plaintiff?
In the cited case it was further said: "It is also agreed that if the negligence of the defendant concurs with the other cause of the injury * * * or * * * so directly contributes to the plaintiff's damage that it is reasonably certain that the other cause alone would not have sufficed to produce it, the defendant is liable * * *."
As we have commented, the jury were charged that under the plea the plaintiff could not recover if his driver's negligence was the lone cause of his injury.
Although a charge on concurrent causes of negligence would have been relevant, especially when the jury requested further instructions as to a proper verdict if both drivers were found to have been at fault, *123 we do not believe that the charge eventually given, shutting out the consideration of all negligence of the plaintiff's driver not established as the sole cause of the mishap and not imputable to the plaintiff, resulted in confusing the jury to such an extent that the verdict constituted a miscarriage of justice. See Georgia Southern & Florida Railway Company v. Hamilton Lumber Company, 63 Fla. 150, 58 So. 838.
The court's order is reversed, with directions to enter judgment for the defendant.
Reversed.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., concur.