THOMAS, Justice.
The appellees were successful in their action against the appellant to recover for damage to their building charged to have been solely caused by the careless and negligent excavation in a street by the defendant. In the two pleas pertinent to a decision by this court the defendant pleaded that it was not guilty and that the damage was caused solely by an act of God — a tropical hurricane.
The judge charged the jury quite properly on the governing law where an act of God and negligence of a person combine to injure another, namely, that the defendant will be liable for the whole loss if his negligence proximately caused it. Indeed, no criticism is now offered of the judge’s statement of the law.
The principal complaint here is that there was an inconsistency between the allegations of the declaration and the evidence offered to support them. It is contended that plaintiffs’ having alleged that the lone cause of the damage was the defendant’s negligence and the defendant’s having pleaded that the sole cause of the damage was an act of God, an issue whether it was one or the other was created; and when the issue of combined fault was injected a variance immediately arose because the plaintiffs had not averred anything about concurrent causes.
We have no thought of departing from the ancient rule that allegations and proof must coincide, but its application in favor of appellant and the consequent reversal of the judgment are not justified by the record.
We can only wonder how testimony about damage to a building from defendant’s negligence, and damage to the same building by an act of God could be so separated in the minds of judge and jurors at one trial *28 that the causes of damage would never blend. And we further wonder why a plaintiff should be required to aver that there was not only negligence on the part of the defendant, but also damage due to an act of God when he could recover by establishing the first, despite the presence of the second.
If we accept appellant’s view we must invoke the rule that the allegata and probata must correspond even though that part of the latter which is not embraced or contemplated in the former would not vary the true issue or change the result.
But we need not make any further academic excursion on the subject in view of the portion of the record we have not yet mentioned. There was a pretrial conference, and the attorneys could not have left it with any doubt about the issues with which each was to be concerned and the jury was to deal.
The memorandum of the conference signed by the circuit judge bears a statement about the plaintiffs’ claim being one for damage caused by an excavation by the city in August, 1947. Immediately following was a statement that in the next month “a severe hurricane visited the community, and it is plaintiffs’ contention that any damage caused by the hurricane should be considered with the damage caused by the excavation, in accordance with principals [sic] announced in Starling v. City of Gainesville, 90 Fla. 613, 106 So. 425”; and then the statement that “Defendant denies * * * it is liable for either damage alleged to have been caused by the excavation or by the hurricane.” Finally, it was recorded in the memorandum that the court would charge the jury “regarding the effect of any damage as caused by the hurricane * * *.”
Considering the averments of declaration and plea, and the record of the pretrial conference we cannot agree that justice demands a reversal of the judgment, or that the rule requiring agreement between allegations and proof will suffer from such a decision simply because the plaintiffs did not allege that the damage was occasioned ■both by defendant’s, negligence and an act of God instead of only the former.
Affirmed.
SEBRING, C. J., ROBERTS, J., and FABISI'NSKI, Associate Justice, concur.