449 So.2d 1003 (1984)
Bert H. COLLOM, As Personal Representative of the Estate of April Collom, Deceased and the Estate of Judith Collom, Deceased, and Guardian of Shelley H. Collom, and for Himself, Individually, Appellant,
v.
Jack J. HOLTON and Excelsior Insurance Company, Appellees.
CITY OF ST. PETERSBURG, Appellant,
v.
Jack J. HOLTON and Excelsior Insurance Company, Appellees.
Nos. 83-524, 83-654.
District Court of Appeal of Florida, Second District.
May 16, 1984.
*1004 Donald W. Giffin of Giffin & Thellman, P.A., St. Petersburg, for appellant Collom.
Donald M. Spangler, P.A., St. Petersburg, for appellees Holton and Excelsior Insurance Company.
Michael S. Davis, City Atty. and William N. Drake, Jr., Asst. City Atty., St. Petersburg, for appellant City of St. Petersburg.
RYDER, Judge.
In this consolidated appeal arising out of the same set of facts, Bert Collom, plaintiff below, and the City of St. Petersburg (City), defendant and cross-claimant below, seek review of the orders granting Holton's and his insurance company's, defendants and cross-claim defendants below, motions for summary judgment as to Collom's wrongful death action and the City's indemnity and contribution action. We reverse.
First, we agree with the trial court's implicit ruling that the decedents were "uninvited licensees" on Holton's property because the pleadings, affidavits, and depositions clearly indicate the decedents came "upon the premises solely for their own convenience without invitation either expressed or reasonably implied under the circumstances." Wood v. Camp, 284 So.2d 691 (Fla. 1973); Bruno v. Seigel, 73 So.2d 674 (Fla. 1954); see generally Prosser, Law of Torts § 60, p. 377 (4th ed. 1971). Nevertheless, we hold, upon reviewing the same pleadings, affidavits, and depositions in a light most favorable to the non-moving parties, that genuine issues of material fact exist with respect to whether a duty actually existed and whether Holton breached his duty of care to the decedents *1005 as "uninvited licensees." Holl v. Talcott, 191 So.2d 40 (Fla. 1966). The duty a landowner owes to an "uninvited licensee" is to "refrain from wanton negligence or wilful misconduct which would injure him, to refrain from intentionally exposing him to danger and to warn him of a defect or condition known to the landowner to be dangerous when such danger is not open to ordinary observation by the licensee." (Emphasis supplied). Libby v. West Coast Rock Co., Inc., 308 So.2d 602 (Fla. 2d DCA), cert. denied, 325 So.2d 6 (Fla. 1975). Accord, Goldberg v. Straus, 45 So.2d 883 (Fla. 1951); Savignac v. Department of Transportation, 406 So.2d 1143 (Fla. 2d DCA 1981), petition for review denied, 413 So.2d 875 (Fla. 1982); Marks v. Delcastillo, 386 So.2d 1259 (Fla. 3d DCA 1980), petition for review denied, 397 So.2d 778 (Fla. 1981).
Specific questions to be answered by the jury are: (1) whether a dangerous condition relating to the drainage ditch in fact existed on Holton's property; and if so, (2) whether any duty normally owed by Holton as a landowner was negated by the presence of an easement, if one in fact exists, in the City's favor,[1] and, if not negated, (3) whether the dangerous condition was not open to ordinary observation by the decedents as they crossed onto Holton's property; (4) whether Holton actually knew (this can be shown by circumstantial evidence) of the existence of the hazardous condition; and (5) whether Holton breached his duty to warn (a reasonable person standard) the decedents of the dangerous condition. See generally Prosser, Law of Torts § 60, p. 381 (4th ed. 1971). It goes without saying that the jury must also be able to determine that Holton's conduct proximately caused or proximately contributed to the deaths which occurred in this case before it can return a verdict against Holton either in whole or in part.[2]Miami Coca-Cola Bottling Co. v. Mahlo, 45 So.2d 119 (Fla. 1950); Tampa Electric Co. v. Jones, 138 Fla. 746, 190 So. 26 (1939). See also Green v. Kersey, 189 So.2d 236 (Fla. 2d DCA 1966).
Accordingly, we REVERSE the final summary judgments entered against both Collom and the City, and we REMAND for proceedings consistent herewith.
REVERSED and REMANDED.
BOARDMAN, A.C.J., and DANAHY, J., concur.
NOTES
[1] The duty to maintain an easement in a safe condition to prevent injuries to third parties generally rests on the owner of the dominant estate, Morrill v. Recreational Development, Inc., 414 So.2d 590 (Fla. 1st DCA 1982), unless (1) there is an agreement requiring the servient owner either solely or concurrently to maintain and control the easement, Sebastian River Drainage District v. Ansin, 29 Fla. Supp. 77, aff'd, 223 So.2d 57 (Fla. 4th DCA 1969); or (2) the evidence indicates that the servient owner affirmatively and voluntarily otherwise assumed responsibility for maintaining the easement in a safe condition as to persons with the same status as the decedents. Cf., Banfield v. Addington, 104 Fla. 661, 140 So. 893 (1932); Fidelity and Casualty Co. of New York v. L.F.E. Corp., 382 So.2d 363 (Fla. 2d DCA 1980) (the latter two cases state the general rule with respect to voluntary assumption of a duty).
[2] We point out that our decision in Collom v. City of St. Petersburg, 400 So.2d 507 (Fla. 2d DCA 1981), aff'd, 419 So.2d 1082 (Fla. 1982), holding that a jury should be allowed to decide whether the City is liable for the deaths of appellant Collom's wife and daughter, was not intended to preclude and does not preclude a jury from also determining whether Holton might also be liable for the deaths. Assuming arguendo a duty exists, it is not necessary that Holton's negligence be the sole cause of the damages and injury in order to find him liable for negligence. Starling v. Gainesville, 90 Fla. 613, 106 So. 425 (1925); DeFuniak v. Perdue, 69 Fla. 326, 68 So. 234 (1915).