## 34809. CROOKE v. LUMPKIN.

GARDNER, P. J. 1. As to the following allegations of negligence—that there was no fire-fighting equipment or fire alarms; that no inspection of the premises was made on the night in question, contrary to the custom of the management; that there was no near access to a fire alarm or fire plug, no accessible measure for reporting fire, and the telephone of the manager was in a locked building, for which reason the fire was not reported until nearly one-half hour after its discovery; that the buildings were not fire-resistant, and were so built that draft and suction were set up therein—we do not think that they, separately or in conjunction with each other, are sufficient to constitute a cause of action, for the reasons set forth in the majority opinion and in the dissenting opinion of *Irwin* v. *Torbert,* 204 *Ga.* 111, 126 (49 S. E. 2d 70).

2. As to the questions of negligence per se, ground 14 of the defendant's renewed special demurrer to paragraph 26-A of the amended petition was properly sustained because the petition failed to make allegations bringing the building in question within the city ordinance therein set out. Also, the amendment of paragraph 29, setting out certain portions of the City of Atlanta Electrical Code was subject to the attack made that there was no allegation that such code had been incorporated in any city ordinance.

3. This opinion is based on the following allegations, which we consider sufficient to state a cause of action: "8. The relationship of innkeeper and guest existed between the defendant and plaintiff herein. [Not demurred to.]. . . 21. That the premises in which plaintiff stayed were, as to the housekeeping and maintenance thereof, including such accessories as window fans, under the control of the defendant by and through his agents and employees. [Not demurred to.] . . . 29. That the housekeeping of the units of said court was negligently maintained in that cloth curtains, not fireproofed in any manner, were allowed to hang alongside of and against the motor case of window fans; that said fans were heavily coated with accumulated grease and dust, this constituting a fire hazard should said fans fail to properly function or the accumulated grease thereon become ignited. . . 29-d. That during the absence from said premises by the occupants thereof a malfunctioning of the window fan occurred, the kind or nature of which this plaintiff cannot positively aver for want of sufficient information, the consequences of which caused the drapery material adjacent to said fan to be ignited and the mattress and linen of the bed placed adjacent thereto to likewise become ignited, causing said fire and plaintiff's resultant loss, injuries and damage. [Not demurred to.] . . . 35. Defendant breached the degree of care due to petitioner . . . by and through the acts of negligence herein complained of," including, 36 (1) not adequately maintaining the housekeeping of the units and allowing an inherently dangerous condition to exist; (2) allowing cloth curtains to remain against the housing and frame of electric window fans; (3) allowing the fans, etc., to accumulate heavy coatings of grease and other flammable matter; (9) not providing safe useable electrical facilities.

278

The demurrers to paragraphs 35 and 36 (1, 2, 3, and 9), on the ground that the petition shows no breach of any legal duty, that it does not show that any inherently dangerous condition contributed to the fire, or allege that the cloth curtains adjacent to the motor housing caused the fire, or that the fire was caused by the grease, etc., or that the fire resulted from the failure of any electrical facilities, are, in our opinion, all met by the amendment to paragraph 29 (d) which was not demurred to. Further, the allegations of this paragraph, and the specifications of negligence in relation thereto, are at least as definite as one held in *Orkin Exterminating Co.* v. *Wingate,* 84 *Ga. App.* 750 (67 S. E. 2d 250), to be sufficient to take the case to a jury. These cases have a similarity, in that in both a duty of ordinary care is alleged to have been breached, and in neither was the plaintiff able to allege with minute exactness the malfunctioning which brought about the fire, although in one case it appears to have resulted from an overheated fan which had been left to deteriorate into a dangerous condition, while in the other it resulted from the positive act of the defendant in spraying certain chemicals, the nature of which was unknown to the plaintiff. In any event, the facts alleged are sufficient to cause a disagreement in the minds of reasonable men as to whether or not the defendant's acts were negligent, and also whether or not such negligence precipitated the fire in which the plaintiff's injuries occurred. We therefore think that the case should go to the jury on this question.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED DECEMBER 2, 1953.

*Jessee & Wright,* for plaintiff in error.
*Poole, Pearce & Hall, E. L. Fowler,* contra.