99 So.2d 589 (1958)
Marguerite P. MILLAR, Appellant,
v.
TROPICAL GABLES CORP., a dissolved Florida corporation, and Saul Silberman, Ralph DeChiaro, Irene P. Ingle and A. Herman Siskind, as directors and Trustees of Tropical Gables Corp., a Dissolved Florida Corporation, Appellees.
No. 57-196.
District Court of Appeal of Florida. Third District.
January 9, 1958.
Rehearing Denied January 27, 1958.
Sams & Anderson and Phillip Goldman, Miami, for appellant.
Hill, Welsh, Cornell & Ross, Miami, for appellees.
HORTON, Judge.
The sole question presented by this appeal concerns the admissibility of the testimony of two expert witnesses called by the appellant during the course of the trial. The lower court rejected the proffered testimony of an architect and an engineer, both of whom were admittedly qualified. At the conclusion of the appellant's case, the appellees moved for directed verdict and the motion was granted. From the judgment entered on the verdict this appeal was taken.
The appellees are the operators of a pari-mutuel horse racing plant in Dade County, Florida. On December 19, 1952, the appellant went to the track of the appellees and upon entering the club house section was directed to the betting windows *590 beneath the club house where she placed a bet. As the next race was approaching, the appellant made her way toward the track, and in so doing was required to ascend a ramp approximately twenty feet long to a concrete platform about six feet wide. From this point, the track could be observed, and beyond the platform there was a descent to the track. The testimony disclosed that there were a great number of spectators present and in the immediate vicinity of the appellant as she ascended the ramp. The appellant appears not to have had prior knowledge that there was a step at the beginning of the descent to the track and assumed that there was a ramp similar to the one by which she had ascended to the platform. Upon beginning her descent, the appellant "stepped into space," fell to the ground and fractured her hip.
The testimony of the two expert witnesses, an engineer and an architect, was offered for the alleged purpose of establishing that the area in which the appellant was injured was not constructed and maintained according to reasonably safe construction and engineering standards. After certain preliminary questions had been propounded to the witnesses and photographs exhibited, the appellant posed the following hypothetical question:
"Now, based on the facts that I have given you and your examination of the photographs, all of the photographs which you have seen there, in your opinion was the area described constructed and maintained according to reasonably safe construction and engineering standards of this community?"
To the above question the lower court sustained appellees' objection on the ground that the testimony sought to be elicited would be an invasion of the prerogatives of the jury, and would necessitate the witnesses expressing an opinion as to an ultimate fact in issue between the parties, to-wit: the appellees' negligence. The appellant was permitted to proffer the testimony of both the architect and engineer.
When facts are within the ordinary experience of the jury, the conclusion from those facts will be left to them, and experts will not be permitted to give their conclusions in such cases. Expert testimony generally is admissible when the facts to be determined are obscure, and can be made clear only by and through the opinions of persons skilled in relation to the subject matter of the inquiry. 13 Fla.Juris, Evidence, § 312. However, the need for scientific or specialized knowledge to assist the court and jury in deciding a case has been recognized; for example, the layman is unqualified to diagnose a disease and is still less able to form an opinion as to the propriety of the treatment therefor. In substance, it is the specialized knowledge which the witness possesses that is not possessed by the jurors or ordinary layman that may be of benefit to the jury and the court in reaching a proper determination of fact.
In the instant case, the appellees have conceded the qualifications of the two witnesses whose testimony was proffered by the appellant. Their testimony would be helpful in order to determine whether the premises were constructed and maintained in accordance with reasonably safe construction and engineering standards. These witnesses would be subject to cross-examination by the appellees and to rebuttal testimony by equally competent engineers and architects. There would be no duty on the jury's part to accept these two experts' testimony as proof of the ultimate fact of negligence on the part of the appellees. If the jury found that the facts on which the appellant's hypothesis or theory is based were not proved, the answers of the experts would necessarily fall with the hypothesis. See 13 Fla.Juris., Evidence, § 314; Baker v. State, 30 Fla. 41, 11 So. 492; Escambia County Elec. Light & Power Co. v. Sutherland, 61 Fla. *591 167, 55 So. 83; Mutual Ben. Health & Accident Ass'n v. Bunting, 133 Fla. 646, 183 So. 321.
There is considerable authority for the lower court's ruling in excluding the testimony of the two experts as an invasion of the province of the jury, but we feel that the present trend of authority is to make no distinction between evidential and ultimate facts as subjects of expert opinion. See North v. State, Fla. 1952, 65 So.2d 77 at pages 87, 88; 20 Am.Jur., Evidence, § 782, p. 654. It is still the sole province of the jury to accept or reject the testimony of the expert witness, regardless of how respectable and qualified that witness may be, and the jury is in no wise bound by the expert's conclusions, any more than it is bound by the testimony of any other witness. This theory has been cited with approval and further explained in II Wigmore on Evidence, 3d Ed., § 673, p. 795.
When the relationship between the parties is considered, together with the particular negligence alleged and the testimony that was sought to be tendered to the jury through the two expert witnesses, we feel that it was error for the lower court to have excluded their testimony and directed a verdict for the appellees, and we are not convinced that such was harmless error. It thereupon follows that the judgment of the lower court is reversed and the cause is remanded for a new trial.
Reversed and remanded.
CARROLL, CHAS., C.J., and PEARSON, J., concur.