177 So.2d 880 (1965)
Rose MOZER, d/b/a the Bayshore Hotel, Appellant,
v.
Philip SEMENZA, Appellee.
Rose Mozer, d/b/a the Bayshore Hotel, Appellant,
v.
George DRUTZROVSKY, Appellee.
Nos. 64-919, 64-920.
District Court of Appeal of Florida. Third District.
July 27, 1965.
Rehearing Denied September 9, 1965.
*881 Carey, Terry, Dwyer, Austin, Cole & Stephens and Edward A. Perse, Miami, for appellant.
Nichols, Gaither, Beckham, Colson & Spence, Miami, for appellees.
Before HENDRY, C.J., and TILLMAN PEARSON and CARROLL, JJ.
TILLMAN PEARSON, Judge.
Each of these appeals is by the defendant innkeeper from a final judgment entered pursuant to a jury verdict in favor of a plaintiff-guest in a negligence action. Each plaintiff individually brought suit against the defendant. Their causes were consolidated for trial at the conclusion of which each received a judgment in accordance with a jury verdict. The defendant has appealed in each case and the appeals were consolidated in this Court. The complaints alleged causes of action based upon identical facts. The defendant was the owner of the Bayshore Hotel in Miami, Florida. It was a three-story, allwood frame building containing 29 rooms. The building had an open interior stairwell running from the ground to the third floor.
The plaintiffs were Pennsylvania truck drivers laying over in Miami and were guests in defendant's Hotel occupying a room on the second floor near the stairs. At about 11:00 p.m. one evening they went upstairs and to bed. Sometime after 2:00 a.m. they were awakened and found their room filled with smoke and flames, they jumped out of bed, ran to the stairs and started down. As they rushed from the room down the interior stairwell, they fell, were burned and seriously injured.
At the trial it was brought out that more than a year earlier, a City of Miami fire inspector had inspected the premises in the course of his duties and had spoken to the owner about the danger of the unenclosed stairwell. The fire inspector testified that he warned the appellant that as maintained the stairway constituted a hazardous condition. Another inspector who visited the Hotel approximately five months prior to the fire observed the same condition.
In addition to the two fire inspectors who were permitted to testify at the trial as experts, the plaintiff offered the testimony of an architectural expert who testified that in his opinion, the Hotel *882 as constructed was not reasonably safe with regard to "fire resistivity".
The fire was started in two first-floor rooms by an arsonist who had set several other fires that evening.
It appears without controversy that the appellant had no statutory duty to provide premises constructed without an open stairwell. Section 509.211(3), Fla. Stat., F.S.A., contains a grandfather clause exempting existing buildings from its operation. It is undisputed that appellant's Hotel was constructed and being used as a public lodging prior to the passage of this section. In addition, it is also conceded that Section 104.9 of the Florida Building Code, which is in effect in Dade County and which likewise prohibits open stairwells was passed and adopted after the construction of appellant's building and it likewise contains a grandfather clause.
Upon these essential facts the appellant urges, first, that the judgments should be reversed because there is no statutory or common law duty to maintain a hotel of fire proof construction and design. In support of appellant's position that there was no statutory or common law duty he urges no Florida case but cites: Crooke v. Lumpkin, 1953, 89 Ga. App. 277, 79 S.E.2d 321; Irwin v. Torbert, 1948, 204 Ga. 111, 49 S.E.2d 70; Smith v. The Texan Inc., Tex.Civ.App. 1944, 180 S.W.2d 1010; Hays v. The Texan Inc., Tex.Civ.App. 1943, 174 S.W.2d 1006; National Hotel Co. v. Motley, Tex. Civ.App. 1938, 123 S.W.2d 461; Baugh v. McClesky, Tex.Civ.App. 1927, 292 S.W. 950. We think these cases adequately support appellant's proposition that there is no duty to maintain a "fire proof hotel". We do not think, however, that they are sufficient to establish that an innkeeper may maintain any type of a structure that he may so choose without liability. The applicable principle in this case is that it is the duty of an innkeeper to provide reasonably safe premises for the housing of its guests. Goldin v. Lipkind, Fla. 1950, 49 So.2d 539, 27 A.L.R.2d 816; Rubey v. William Morris, Inc., Fla. 1963, 66 So.2d 218. The question then is whether or not the evidence before the jury was such as to permit them to find that the building maintained by appellant was not reasonably safe for use as a hotel. To apply the inquiry to the facts of this particular case we must determine whether the common-law duty to maintain reasonably safe premises is violated by the maintenance of an unenclosed stairwell in a wood-frame building. We hold that the jury had before it evidence upon which it could legally find that the premises as maintained by the defendant were so dangerous as to constitute a violation of the landlord's duty to his guests.
Appellant urges that to so hold is an invasion of the legislative field because the Florida Statutes and the Florida Building Code, by including grandfather clauses, specifically permitted the maintenance of open stairwells in existing buildings. On this basis it is urged that if it was the legislative intent to impose civil responsibility for the maintenance of this type of building, they would not have included or subsequently would have repealed the grandfather clauses involved. We think that this argument is not applicable because the statute and the building ordinance here involved are both penal in nature, and while the violation of a law or an ordinance penal in nature may be determinative of the existence of negligence, it cannot be said that all negligence must be based upon violation of such laws or ordinances. Compare cases cited in 38 Am.Jur., Negligence, §§ 14 and 292 (1941). We therefore hold that existence of the grandfather clauses in the statute and in the ordinance do not constitute a legislative exception to allow innkeepers to maintain premises which are not reasonably safe when measured against the standards of the community in which they are located.
Appellant's second attack on the judgment is based upon the fact that the *883 fire which started the chain of events leading to appellant's injury was the wilful, criminal act of a third person. It is urged that the proximate cause of appellees' injury was not the maintenance of the hotel in a dangerous condition but the efficient intervening act of the arsonist who set the fire.
In Lingefelt v. Hanner, Fla.App. 1960, 125 So.2d 325, this Court was called upon to determine whether the leaving of ignition keys inside an unattended, unlocked automobile in violation of an applicable ordinance could be held to be the proximate cause of the injury of one who was injured when the automobile was negligently driven by a thief. We held:
"The majority view as expressed by these courts holds that a wilful, malicious, or criminal act as a general rule breaks the chain of causation. Lack of foreseeability appears to be the basis for this conclusion. We believe it is grounded in reason and logic, and align ourselves with this view. The act of appellee in negligently leaving the ignition switch of his automobile unlocked may have been the proximate cause of the unauthorized taking, but the appellants' injuries were due solely to the negligent operation, by an unauthorized person, of appellee's automobile."
The question then is whether we are bound by the Lingefelt case, supra, as exemplified by the reasoning quoted, to hold that the act of the arsonist here was an efficient intervening cause which insulated appellant from what the jury found to be a negligent violation of appellant's common-law duty as an innkeeper.
We find that the situations are not comparable because in the Lingefelt case we were dealing with the vicarious liability of an owner which is enforced through a theory of implied consent. We held that the implication of consent was refuted by the theft of the automobile which broke the chain of proximate causation. See also Tillman Chevrolet Company v. Moore, Fla.App. 1965, 175 So.2d 794.
It is notorious that proximate cause is in most cases what the courts will it to be and that it is at best a theory under which the courts justify liability or shield from liability those that the courts find should not in reason and logic be responsible for a given result. In the instant case the act of the arsonist was not an "independent intervening cause". The scope of defendant's duty to maintain reasonably safe premises does not include a duty to foresee a particular fire but it does include a duty to reasonably guard against the risk of fire. Viewed from this standpoint it is not important to the liability of the appellant whether the fire started in one way or another. It was reasonably foreseeable that there would, even under modern conditions, be a likelihood of fire and it was the duty of the defendant to provide a reasonably safe place in anticipation of that danger. Compare: Starling v. City of Gainesville, 90 Fla. 613, 106 So. 425; Pope v. Pinkerton-Hays Lumber Company, Fla.App. 1960, 120 So.2d 227; Restatement of Torts, § 302(b). We therefore conclude that the record reveals a reasonable basis upon which the jury could find that the injuries to the appellees were proximately caused by the negligent maintenance of appellant's Hotel.
Appellant has presented one additional point which separately urges error in the trial because the trial court allowed the two fire inspectors and the structural engineer to testify to certain hypothetical questions. It is urged that the sum of these questions was to allow opinions by these presumed experts as to the ultimate fact in issue which was whether it was negligence for the appellant to maintain the premises as they were maintained. We have examined the record in light of this point and find that the questions involved are within the latitude allowed to a trial court under the rules *884 set forth in North v. State, Fla. 1952, 99 So.2d 589 and Millar v. Tropical Gables Corp., Fla.App. 1958, 99 So.2d 589.
We have also considered other objections to the hypothetical questions asked, which objections are included in appellant's third point and we likewise find these without merit.
Affirmed.