341 So.2d 242 (1976)
The CONCORD FLORIDA, INC., a Florida, Corporation, D/B/a Concord Cafeteria, Etc., et al., Appellants,
v.
Sara LEWIN and Rose Lerner, Appellees.
Nos. 75-1502, 75-1503.
District Court of Appeal of Florida, Third District.
December 23, 1976.
Rehearing Denied January 17, 1977.
*243 Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellants.
Law offices of Joe N. Unger, Miami Beach, Podhurst, Orseck & Parks, Miami, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
HENDRY, Judge.
Appellants were the defendants below and appellees were the plaintiffs. Appellants bring this consolidated appeal from the entry of three final judgments which held appellant, The Concord Florida, Inc., negligent and in violation of the Dade County Fire Prevention and Safety Code and assessed damages in favor of appellees.
The factual scenario began on February 2, 1973, when a madman ran in the front door of the crowded Concord Cafeteria on Miami Beach, threw a five gallon container of gasoline on the floor, lit a match to the gasoline and then ran away. In the fire that ensued, many patrons, including appellees, were burned and/or suffered smoke inhalation, while others were injured in their chaotic attempts to flee the burning building.
As a result of this incident, over seventy individuals filed suit against appellant-Concord, the owner of the cafeteria, alleging injuries suffered as a result of appellant's failure to provide ample emergency fire exits, failure to clearly designate the location of the present fire exits and failure to provide a reasonably safe place for its patrons  all in violation of the Metropolitan Dade County Fire Prevention and Safety Code.
Eventually, many of these cases were consolidated at the trial level by the formation of a "Plaintiff's Committee."
By order of the circuit court, a bifurcated trial was held separating the issues of damages for each appellee from the initial question of negligence on the part of appellant-Concord in the maintenance of its facilities. *244 During the pre-trial conference which occurred prior to the negligence hearing, attorneys for appellants unsuccessfully attempted to persuade the court to allow them to present to the jury the defense of "intervening cause," i.e., the criminal act of the madman. The court, however, determined that "intervening cause" was in reality a part and parcel of proximate causation and should be tried in the series of damage suits that would follow, if in fact the jury initially held appellant-Concord liable for negligence.
The negligence trial commenced on April 14, 1975. At the end of said trial, the trial judge instructed the jury, inter alia, as follows:
"Violations of the Miami Beach Fire Code is negligence whether the defendant knew of the existence of the ordinance or not. If you find that the person alleged to have been negligent violated the ordinance, such person would be negligent."
It is uncontradicted that the aforementioned instruction amounted to a "negligence per se" charge.
The Miami Beach Fire Code is one paragraph which adopts the Dade County Fire Prevention and Safety Code (hereinafter referred to as the Code). The pertinent portion of said Code is Section 1.02(1) which provides that:
"The provisions of this Code shall apply equally to new and existing conditions except that existing conditions not in strict compliance with the terms of this Code shall be permitted to continue where the exceptions do not constitute a distinct hazard to life or property."
The jury, by way of special interrogatories, found appellant-Concord negligent in seven respects as to its maintenance of the premises in violation of said Code.
The second portion of the bifurcated process was then commenced. Individual trials were held as to various appellees to ascertain their damages, if any. At these trials, appellants were permitted to introduce to the jury the defense of "intervening cause" as a break in the chain of proximate causation. Despite this defense, the juries nevertheless found for appellees and awarded each money damages for injuries sustained in the fire.
It is from those final judgments awarding appellees' money damages that appellants bring their consolidated appeal.
Appellants cite as error the trial judge's pre-trial ruling prohibiting appellants from presenting to the jury the issue of intervening cause in the "negligence" portion of the bifurcated trial. Appellants also claim that in instructing the jury that a violation of the Code was "negligence per se," the trial judge committed reversible error.
Appellants firstly contend that negligence includes the element of foreseeable risk. As such, appellants argue that they were entitled to present to the jury the question of whether or not the possibility of a gasoline throwing maniac was so foreseeable that appellants were negligent in not guarding against such an occurrence. Appellants argue that by prohibiting them from presenting their defense of intervening cause to the jury, during the negligence portion of the trial, the trial judge effectively conceded the issue of negligence to appellees.
Inherent in appellants' contention is the idea that the act in question was an intervening cause which would insulate appellants from liability. Appellees, however, rely upon the case of Mozer v. Semenza, 177 So.2d 880 (Fla.3d DCA 1965), in support of their contention that such an act does not in fact constitute an intervening cause.
The facts of that case are very similar to the case sub judice. There, an arsonist set fire to a hotel, injuring patrons who attempted to flee over a negligently maintained open stairwell. The defendants in that trial attempted to defend on the ground of intervening cause (the arsonist).
In rejecting that claim, we held that:
"[T]he act of the arsonist was not an `independent intervening cause'. The scope of defendant's duty to maintain reasonably safe premises does not include a duty to foresee a particular fire but it *245 does include a duty to reasonably guard against the risk of fire. Viewed from this standpoint it is not important to the liability of the appellant whether the fire started in one way or another. It was reasonably foreseeable that there would, even under modern conditions, be a likelihood of fire and it was the duty of the defendant to provide a reasonably safe place in anticipation of that danger." [Emphasis supplied.] Mozer, 177 So.2d at 883.
The above analysis is consistent with Section 442 B of the Restatement of the Law of Torts, 2d, Intervening Force Causing Same Harm as that Risked by Actor's Conduct, which provides that:
"Where the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the interaction of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct." [Emphasis supplied.]
Also see Section 435 of the Restatement of the Law of Torts, 2d.
The emphasized portion of the above appears to be the crux of the matter and, though not specifically cited, determinative in the Mozer case, supra. The scope of the risk created there and scope of the risk created here was not that of an arsonist or madman setting fire to a building, per se, but rather, the risk of fire, itself. In failing to adequately protect its patrons from fire by providing proper safety measures such as emergency exits and signs indicating the location of said exits, appellant-Concord assumed the foreseeable risk that fire might someday trap its patrons leaving them without an escape route.
We therefore hold that the act of the madman, in and of itself, was not an intervening cause, cutting off the liability of appellant-Concord. As such, it would not have been error to prevent appellants from introducing that defense in either trial. However, assuming arguendo, that it was an intervening cause, in allowing appellants to present said defense to the jury at the damage portion of the bifurcated trial instead of at the negligence portion, the trial judge at worst committed harmless error. See Section 59.041, Harmless Error, Florida Statutes (1975) and cases cited therein.
Appellants' second contention concerns the alleged error of the trial judge in instructing the jury that a violation of the Code would be "negligence per se." Appellants' basic contention is that the Code was adopted in 1966 and does not apply to any building built before that time. Appellants presented evidence that the building in which the cafeteria is located was built in 1936 and argue that said building should therefore be exempt from the Code's safety requirements.
We believe that the aforementioned contention is without merit in light of the previously set forth portion of the Code, which in part provides that, violations existing in structures built before the adoption of the Code "shall be permitted to continue where the exceptions do not constitute a distinct hazard to life or property." It is clear, then, that if, in existing buildings, violations are found which present a hazard to life or property, then the Code will apply to those buildings in which such hazards exist.
The jury, after listening to the testimony of two fire inspectors who were familiar with the various Code violations in said building, found, by way of special interrogatory, that appellant-Concord was negligent in seven respects. It is obvious from the tenor of the inspectors' testimony that these violations constituted a "distinct hazard to life or property" in that the violations increased the risk of injury due to fire. We are therefore of the opinion that the Code was applicable to the Concord Cafeteria.
The only other question left to be determined is whether a violation of the above Code was "negligence per se" or only "prima facie" evidence of negligence needing *246 independent proof of the element of proximate causation. As previously mentioned, the trial judge gave a "negligence per se" instruction concerning a violation of the Code.
We believe our Supreme Court, in the case of deJesus v. Seaboard Coast Line Railroad Company, 281 So.2d 198 (Fla. 1973), has answered the above query favorable to the trial judge. In that case, the court opined that a violation of a statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury is negligence per se. The Dade County Fire Prevention and Safety Code is clearly designed to protect a particular class of persons (patrons within a building) from a particular type of injury (burns and smoke inhalation caused by fire to that building) and therefore, we hold that it was not error for the trial judge to give a "negligence per se" instruction in the instant case.
In addition, the fact that the above Code was penal in nature, requiring a fine and/or imprisonment for its violation, equally lends credence to the aforementioned instruction. Hoskins v. Jackson Grain Co., 63 So.2d 514 (Fla. 1953).
We have carefully considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited and discussed, the judgments appealed are affirmed.
Affirmed.