RUDD, Associate Judge.
Two of appellant’s motels were completely destroyed when Hurricane Eloise hit Panama City Beach, in 1975. The motels were insured by appellee/Calvert under “special multi peril” insurance policies. The parties reached a settlement under the policies for damage and destruction to the buildings and their contents. However, appellants sued Calvert under the Loss of Earnings Endorsements contained in the policies, when Calvert declined to pay any amount beyond a $30,000 advance which it had made under these endorsements. Pursuant to a jury verdict, final judgment was entered in favor of Calvert. Appellants have presented three points for review. We find merit in appellants’ first point, and accordingly reverse.
At trial, appellants offered the testimony of an expert witness regarding insurance adjusting, policy provisions, and trade custom in the insurance industry. The witness was highly qualified as an expert in the field of insurance. However, his testimony was excluded by the trial court on the *1161 ground that it invaded the province of the jury.
It has long been recognized that the testimony of qualified experts is helpful, if not necessary, in cases presenting questions of fact not within the ordinary experience of the jury. For example, in Aetna Insurance Company v. Loxahatchee Marina, Inc., 286 So.2d 12 (Fla. 4th DCA 1970), a case also involving the testimony of an insurance expert, the Fourth District Court of Appeal noted:
The purpose of an expert witness is to aid the trier of fact in the quest for truth in those areas which are not of common knowledge. Obscure connotations of an insurance policy can be greatly illuminated by knowledge of custom and usage in the industry as well as the expert’s knowledge of terms which take on a different hue in the specialized field than in the field of general knowledge.
Id. at 14.
We feel that had the expert testimony been allowed in the present case, the jury would have been better informed as to the meaning of the policy terms and the usual method of handling claims under such policies; and, therefore, better equipped to properly resolve the issues of fact. Of course, there would have been no obligation on the part of the jury to accept the testimony of the expert as proof of the ultimate facts of the case. The witness would have been subject to cross-examination by Calvert, and to rebuttal testimony by equally competent experts in the insurance field. Millar v. Tropical Gables Corporation, 99 So.2d 589 (Fla. 3rd DCA 1958).
Since this case essentially turned on an interpretation of the parties’ rights and obligations under the Loss of Earnings Endorsements, we find that it was reversible error to exclude the expert testimony in that regard. We have considered appellants’ remaining points and find them to be without merit.
REVERSED and REMANDED for new trial.
SHAW, J., concurs.
ROBERT P. SMITH, Jr., J., dissents without written opinion.