433 So.2d 540 (1983)
Kevin WHITE, Appellant/Cross-Appellee,
v.
BURGER KING CORPORATION, a Corporation for Profit Licensed and Doing Business in Florida, and a Wholly-Owned Subsidiary of the Pillsbury Company, a Minnesota Corporation; Camiami, Inc., a Corporation for Profit Licensed and Doing Business in Florida; and Birmingham Fire Insurance Company of Pennsylvania, Appellees/Cross-Appellants.
No. 80-1611.
District Court of Appeal of Florida, Fourth District.
April 27, 1983.
Rehearing Denied July 15, 1983.
*541 Timothy J. Hmielewski, Fort Lauderdale, for appellant/cross-appellee.
Ronald E. Solomon and Joseph C. Murphy of Ronald E. Solomon, P.A., Fort Lauderdale, for appellee/cross-appellant Burger King Corp.
Steven R. Berger of Steven R. Berger, P.A., Miami, for appellees/cross-appellants Camiami, Inc., and Birmingham Fire Ins. Co. of Pennsylvania.
PER CURIAM.
This is an appeal from a final judgment entered in a personal injury action wherein the appellant, Kevin White, sought compensatory and punitive damages as a result of an alleged assault and battery committed upon him with a billy club by a security guard employed at a Burger King restaurant. We reverse.
The parties have presented numerous issues by appeal and cross-appeal, only a few of which we will discuss. The main issue presented by White is the failure of the trial court to instruct the jury on his theory of liability against the Burger King Corporation predicated on apparent authority. The trial court refused to give an instruction defining or explaining the concept of apparent authority. We agree with White that this refusal was error and that such error requires a new trial on all issues as to Burger King's liability. The appellant was entitled to an instruction on his theory of the case and the instructions given were wholly inadequate. See, e.g., Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla. 1983).
We also agree that the trial court erred in refusing to admit evidence of a prior incident at the same Burger King restaurant. This case was tried before the Supreme Court's decision in Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981), clarifying the law as to the liability of a corporate employer for punitive damages. In our view evidence of the prior incident may be relevant to the liability of both alleged corporate employers involved herein. We disagree with the contention made on cross-appeal that the evidence of fault as to the security guard's corporate employer, Camiami, Inc., was insufficient to support an award of punitive damages against that employer. As noted, this case was tried before the Mercury Motors decision requiring a showing of some fault on the part of the employer before punitive damages predicated on the employee's misconduct may be assessed. In our view the evidence presented as to the corporate employer's hiring, training, supervision and equipping of the security guard, including evidence of the prior incident involving the use of a billy club, is sufficient to support the submission of the punitive damage issue *542 to the jury. On remand the appellant should be given an opportunity to amend his pleadings against both Camiami, Inc., and Burger King Corporation to conform to the requirements of Mercury Motors.
The trial court also refused to instruct the jury on a state statute and regulation mandating public access to toilet facilities on premises such as those involved herein. There is evidence that the assault alleged herein took place during a dispute over access to such facilities and we believe the appellant was entitled to an instruction on the statute in question.
For the reasons set out above we conclude that the appellant is entitled to a new trial on all issues. Although the errors discussed above do not necessarily vitiate the compensatory damage award entered against Camiami, Inc., we believe the justice of the cause requires a new trial on all issues. See, e.g., Baynard v. Liberman, 139 So.2d 485 (Fla. 2d DCA 1962) and Jenkins v. Arab Termite and Pest Control of Florida, Inc., 422 So.2d 922 (Fla. 2d DCA 1982). Accordingly, the judgment of the trial court is reversed with directions for further proceedings consistent herewith.
ANSTEAD and HURLEY, JJ., and MINER, CHARLES E., Jr., Associate Judge, concur.