449 So.2d 881 (1984)
William WILSON and Barbara Wilson, Husband and Wife, Appellants,
v.
FLORIDA AIRLINES, INC., a Corporation, Appellee.
No. 83-1384.
District Court of Appeal of Florida, Second District.
April 4, 1984.
Rehearing Denied April 26, 1984.
John B. Cechman of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellants.
Claire L. Hamner and Lewis F. Collins, Jr., of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellee.
SCHEB, Judge.
The Wilsons challenge a final judgment in favor of Florida Airlines, Inc., in their negligence action for injuries to Mr. Wilson.
The sole issue before us is whether the trial court erred in refusing to give a standard jury instruction charging that a violation of a county ordinance was negligence per se. We hold such refusal was error.
While working in the Gate 3 ramp area of the Fort Myers Airport on July 25, 1979, William Wilson, a National Airlines (National) employee, slipped and fell in what appeared to be a puddle of hydraulic fluid. Wilson was helping to unload a recently *882 landed National flight when the accident occurred. National and Florida Airlines were the only airlines that used Gate 3 on the day of the accident. Wilson and his wife subsequently sued Florida Airlines, alleging that one of its flights had negligently left the fluid on the ramp. They claimed that Florida Airlines negligently failed to inspect and maintain the ramp before departing and failed to warn others of the hazardous condition it had created.
Prior to trial, the court took judicial notice of a county ordinance requiring that all persons using the airport "exercise the utmost care to guard against fire and injury to persons or property." Lee County, Florida, Ordinance 76-4 (March 31, 1976). The ordinance further stated that "[a]ll persons occupying space at the airport shall keep the space allotted to them policed and free from rubbish and accumulation of any material ... and all floors shall be kept clean and free from fuel or oil." Id. While the parties presented conflicting testimony concerning the origin of the puddle of fluid, the evidence at trial did show that Florida Airlines regularly used Gate 3 and had landed a flight there just before Mr. Wilson's accident occurred.
During the jury instruction conference at trial, the Wilsons submitted a written instruction, pursuant to Florida Standard Jury Instruction (Civil) 4.9, charging that violation of the above ordinance was negligence per se. The trial court refused to give this instruction, and the Wilsons objected. As noted, the jury returned a verdict in favor of Florida Airlines.
The Wilsons correctly point out that they were entitled to a jury instruction on their theory of the case even though Florida Airlines offered evidence controverting that theory. Luster v. Moore, 78 So.2d 87, 88 (Fla. 1955); White v. Burger King Corp., 433 So.2d 540, 541 (Fla. 4th DCA 1983); City of Tamarac v. Garchar, 398 So.2d 889, 895 (Fla. 3d DCA 1981). A crucial element of their theory was that a violation of a county fire and safety ordinance, which protects a particular class of persons, is negligence per se. Concord Florida, Inc. v. Lewin, 341 So.2d 242, 246 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 946 (Fla. 1977). See also de Jesus v. Seaboard Coastline Railroad, 281 So.2d 198 (Fla. 1973).
We hold that Wilson is a member of the class of persons which this ordinance is designed to protect, and his injury is of the type the ordinance is designed to prevent. Thus, we reject Florida Airlines' argument that the court was precluded from instructing on a negligence per se theory, because the ordinance was designed to protect the general public. Concord Florida, Inc., 341 So.2d at 246. Therefore, the trial court should have instructed the jury that a violation of this county fire and safety ordinance was negligence per se. Id.
Finally, we note that such a violation itself does not mean that actionable negligence exists. Mr. Wilson must also establish that the violation of the ordinance was the proximate cause of his injury. See de Jesus, 281 So.2d at 201.
Accordingly, we reverse and remand for a new trial consistent with this opinion.
HOBSON, A.C.J., and CAMPBELL, J., concur.