491 So.2d 1196 (1986)
SEABOARD COAST LINE RAILROAD COMPANY, Appellant,
v.
Jeffrey CLARK, as Personal Representative of the Estate of Yrmina Larrinaga Clark, Surviving Spouse of the Deceased, Alberto Larrinaga, Surviving Parent of the Deceased, and the Estate of Yrmina Larrinaga Clark, Deceased, Appellees.
No. 84-770.
District Court of Appeal of Florida, Fourth District.
July 16, 1986.
John S. Wilbur, Jr., and Mary M. Viator of Caldwell, Pacetti, Barrow & Salisbury, Palm Beach, for appellant.
Rossman, Baumberger & Peltz, P.A., Miami, and Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellees.
*1197 PER CURIAM.
Seaboard Coast Line Railroad Company (hereinafter "Seaboard") appeals from an order entered by the trial court in a wrongful death case granting the appellees' motion for a new trial. We affirm.
On September 5, 1981, a Seaboard train tragically struck and killed Yrmina Larrinaga Clark while she was driving eastward on Yamato Road. The incident occurred at approximately 8:00 a.m. in the vicinity of the Seaboard crossing, which intersects Yamato Road in Boca Raton.
Jeffrey Clark, as personal representative of his wife's estate, and Mrs. Clark's parents[1] brought a wrongful death action against Seaboard. The plaintiffs alleged that Seaboard's negligence caused the death of Mrs. Clark. The case proceeded to trial. The jury found that the defendant, Seaboard, was ten percent negligent, that Mrs. Clark was ninety percent negligent, and that the total amount of damages was $700,000. Accordingly, the court entered final judgment in favor of the plaintiffs in the amount of $70,000. The court granted the plaintiffs' motion for a new trial stating, among other grounds, that it erred when it failed to give the plaintiffs' requested jury instructions pertaining to violation of industry standards.[2] In granting the plaintiffs' motion for a new trial, the trial court found that by failing to give the plaintiffs' requested charge, the jury received an overbalanced charge in favor of the defendant which unduly explained the defendant's theory of the case without a countervailing charge on behalf of the plaintiffs. Seaboard appeals the trial court's order granting a new trial.
The issue in this appeal is whether the trial court abused its discretion where it granted the plaintiffs' motion for a new trial on the ground that the court failed to give the plaintiffs' proposed instruction on industry standards. The industry standards involved in this case included standards in the Manual on Uniform Traffic Control Devices, standards published by the American Railway Engineering Association (AREA), and standards established by the Department of Transportation. Specifically, the plaintiffs alleged that the defendant's use of a counterweight of 445 pounds on the opposite side of the fulcrum from a gate of twenty-four or twenty-five feet violated industry standards, which instead call for a gate arm of thirty-three feet to achieve the proper counterbalance. The gist of the plaintiffs' allegation was that the use of a counterweight which exceeded industry standards resulted in the possibility that the gate might "bounce" up from the down position, or might even raise itself spontaneously if disturbed by a slight force. The appellant argues that the trial court correctly denied the plaintiffs' proposed instruction on the effect of the violation of industry standards because giving such instructions would improperly put such industry standards on the same level of probative value as statutes or ordinances. Appellant argues that the charge was not "weighted" in their favor where the judge denied plaintiffs' requested instruction but gave a jury instruction regarding the violation of a statute as evidence of negligence. The appellees counter that the court unfairly balanced the jury charge in favor of Seaboard where it *1198 refused the appellees' proposed instruction on the effect of the violation of industry standards.
The decision whether to grant a new trial is a matter for the broad discretion of the trial judge. Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla.), on remand, 405 So.2d 1061 (Fla. 5th DCA 1981). The district courts of appeal may reverse a trial court's order granting a new trial only upon a clear showing that the trial court abused its discretion. Id. As our supreme court said in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), regarding the test for review of a judge's discretionary power:
Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. Delno v. Market Street Railway Company, 124 F.2d 965, 967 (9th Cir.1942).
Canakaris, supra, at 1203.
All parties are entitled to jury instructions on their theory of the case, even when the defendant offers evidence controverting that theory, where the evidence substantially supports the plaintiffs' theory. Luster v. Moore, 78 So.2d 87, 88 (Fla. 1955); Wilson v. Florida Airlines, 449 So.2d 881 (Fla. 2d DCA), review denied, 456 So.2d 1181 (Fla. 1984); White v. Burger King Corp., 433 So.2d 540, 541 (Fla. 4th DCA 1983); City of Tamarac v. Garchar, 398 So.2d 889, 895 (Fla. 4th DCA 1981). Further, Florida courts have upheld instructions which stated that violation of industry standards was evidence of negligence in a railroad crossing collision setting. See St. Louis-San Francisco Railway v. White, 369 So.2d 1007 (Fla. 1st DCA), cert. denied, 378 So.2d 349 (Fla. 1979). See generally Nesbitt v. Community Health of South Dade, Inc., 467 So.2d 711 (Fla. 3d DCA 1985), and cases cited therein (admission of evidence of industry custom must be accompanied by cautionary instruction stating that such evidence does not by itself establish a standard of care).
We find that the evidence in the present case substantially supported the plaintiffs' theory of the case. The plaintiffs introduced into evidence minimum standards of the American Association of Railroads through the testimony of Seaboard employee Robert Liggett, an adverse witness; and through the testimony of William Fogarty, plaintiffs' expert witness. These standards were testified to extensively at trial by these two witnesses and in essence became a feature of the case. Further, in closing argument, defense counsel referred to the plaintiffs' reliance on industry standards and stated "all these standards and that is not the law." We conclude that the above testimony amounted to substantial evidence on the issue of whether the defendant violated industry customs. Further, the trial court was in a much better position to evaluate the impact of this testimony at trial and to assess the prejudicial effect of failing to give the requested instruction.
Appellant argues that the trial court properly rejected plaintiffs' proposed instruction regarding industry custom because such instruction would have elevated industry custom to the level of a statute. We disagree. We concede that the language of plaintiffs' proposed instruction tracks the language of Standard Charge 4.11, which describes the effect of the violation of a statute in a negligence case. However, the proposed instruction correctly states the law where it states that violation of industry standards is evidence of negligence. See Nesbitt, supra; St. Louis-San Francisco Railway, supra. There is no suggestion in plaintiffs' proposed instruction that violation of an industry standard would be negligence per se. In our view, the plaintiffs' proposed instruction did not elevate the violation of an industry custom to the potential probative level of the violation of a statute. Further, the proposed instruction certainly would have assisted the jury in placing the abundant *1199 evidence regarding the violation of industry standards in its proper legal context.
We conclude that under the particular facts of this case that the trial court did not abuse its discretion when it granted a new trial on the ground that the court failed to instruct the jury regarding the effect of the violation of industry standards. This opinion is not to be construed as holding that a jury instruction on industry standards must be given in every case.
On retrial of this case, the trial judge should not admit testimony relating to the possibility of remarriage of Mr. Clark. See Leaseco, Inc. v. Bartlett, 257 So.2d 629 (Fla. 4th DCA), cert. denied, 262 So.2d 447 (Fla. 1972).
AFFIRMED.
GLICKSTEIN, J., and BOARDMAN, EDWARD F., Associate Judge (Retired), concur.
LETTS, J., concurs in conclusion only.
NOTES
[1] The parents were joined as plaintiffs under the authority of Florida Statutes Annotated § 768.21 (West Supp. 1986).
[2] The plaintiffs' proposed instruction was a modification of Standard Charge 4.11. The proposed charge states:

Violation of industry standards is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent [has] violated such an industry standard, you may consider that fact together with other facts and circumstances in determining whether such person was negligent.
The court instructed the jury as to Standard Charge 4.11, which states:
Violation of the traffic regulation described by the statute is evidence of negligence. It is, however, not conclusive evidence of negligence.
If you find a person alleged to have negligence [sic] violated such a traffic regulation, you may consider that fact together with the other facts in determining whether such a person was negligent.