SCHWARTZ, Chief Judge
(specially concurring).
I
I concur with affirmance on the stated ground that, as a matter of law, the power company was not negligent, as the plaintiffs alleged, merely in maintaining an une-lectrified wire over a city street. Richmond v. Florida Power & Light Co., 58 So.2d 687 (Fla.1952); Prager v. Marks Bros. Co., 483 So.2d 881 (Fla. 3d DCA 1986); 38 Fla.Jur.2d Negligence § 21 (1982).
While the plaintiffs submitted expert opinions to the conclusory effect that the wires should “reasonably have been arranged otherwise,” the affidavits did not state that the existing configuration was in violation of reasonably safe construction and engineering standards in the community, see Millar v. Tropical Gables Corp., 99 So.2d 589, 590 (Fla. 3d DCA 1958), industry wide practice, a statutory or code provision, or provide any other cognizable basis for the conclusion that there was a departure from the requirements of due care. Hence, the experts’ views were merely illusory “net opinions” which do not create a genuine issue on the negligence point. Division of Admin., State Dep ⅞ of Transp. v. Samter, 393 So.2d 1142 (Fla. 3d DCA 1981); Allapattah Community Ass’n, Inc. v. City of Miami, 379 So.2d 387 (Fla. 3d DCA 1980), cert. denied, 386 So.2d 635 (Fla.1980).
•
II
I do not agree, however, with the power company’s contention that recovery is barred because the collision with the pole was an unforeseeable intervening act. If the defendant could be deemed negligent at all, that negligence would not consist of placing the pole (which the plaintiff did not strike) in a dangerous position, but rather by maintaining an unreasonable risk of danger to travelers on the roadway that the wire would fall on them. It is clearly the rule that, so long as the ultimate result falls within the scope of the risk created by the negligent act, the precise series of events which has culminated in injury need not be foreseen nor foreseeable. Gibson v. Avis Rent-A-Car Sys., Inc., 386 So.2d 520 (Fla.1980); Pinkerton-Hays Lumber Co. v. Pope, 127 So.2d 441 (Fla. 1961); K-Mart Enters, v. Keller, 439 So.2d 283 (Fla. 3d DCA 1983), pet. for review denied, 450 So.2d 487 (Fla.1984).
In this case, it would not matter for causation purposes that the event which actually caused the wire to fall was the perhaps separately unforeseeable impact on the pole or, indeed, any particular event which ultimately resulted in the exposure of travelers on North Kendall Drive to the *535 dangers of a falling wire.[1] See Padgett v. West Florida Elec. Coop. Inc., 417 So.2d 764, 768 (Fla. 1st DCA 1982) (power company may be liable for defective transformers and circuit breakers which caused injury after impact by motorist who left roadway and traveled great distance before striking pole; “factual questions arise as to whether the power lines could be reasonably anticipated to fall from any cause; whether the public might be reasonably expected to come into contact with those wires, and whether, in the event of collision with the poles, the circuit breakers maintained by defendant could properly de-energize the lines”); Crislip v. Holland, 401 So.2d 1115, 1117 (Fla. 4th DCA 1981) (city may be liable for improperly placing spike in utility pole which caused injury where plaintiff was hurled against pole as a result of collision on adjoining roadway; “The crux of the City’s argument is that, because the injuries were sustained by a plaintiff who arrived upon the spike by being hurtled there as a result of an automobile crash, rather than by a plaintiff who was merely passing by the utility pole, the accidental injuries were unforeseeable. This contention is unavailing, however, since the particular method of injury is irrelevant to the determination of whether the occurrence of injuries is reasonably foreseeable.”), pet. for review denied, 411 So.2d 380 (Fla.1981); Mozer v. Semenza, 177 So.2d 880, 883 (Fla. 3d DCA 1965) (hotel negligently constructed so as to cause unreasonably rapid spread of fire liable when actual fire was caused by unanticipatable act of arson; “The scope of defendant’s duty to maintain reasonably safe premises does not include a duty to foresee a particular fire but it does include a duty to reasonably guard against the risk of fire. Viewed from this standpoint it is not important to the liability of the appellant whether the fire started in one way or another. It was reasonably foreseeable that there would, even under modern conditions, be a likelihood of fire and it was the duty of the defendant to provide a reasonably safe place in anticipation of that danger.”).
These cases are to be contrasted with those cited by the defendant on the foreseeability issue. In each of them, the plaintiff was injured by coming in contact with the defendant’s pole, Florida Power & Light Co. v. Macias, 507 So.2d 1113 (Fla. 3d DCA 1987), review dismissed, 513 So.2d 1060 (Fla.1987), review denied, 518 So.2d 1276 (Fla. 1987), or wire, Florida Power & Light Co. v. Lively, 465 So.2d 1270 (Fla. 3d DCA 1985), pet. for review denied, 476 So.2d 674 (Fla.1985); Rice v. Florida Power & Light Co., 363 So.2d 834 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 460 (Fla.1979), respectively. He claimed only that the wire had been negligently placed where an impact could be reasonably anticipated. The court’s holding in each instance was simply that that danger was, to the contrary, not foreseeable because the location of the object was far removed from a place of danger. To revert to the proximate cause principles stated, the claimed “risk” of harm was itself unforeseeable. In this case, the risk of harm was — or so a jury might find— foreseeable even if the impetus for its realization was not.

. These might include, for example, even the quite unlikely occurrences of high wind, lightning or even a fire truck with its ladder improperly extended striking the wire.